Putnam, J.
Tenants in common may compel their co-tenants to divide their lands, either by writ of partition at the common law ; or by petition for partition, in the Court of Common Pleas, or in this Court, according to the statute of 1783, c. 41 ; or, lastly, bv pro *334 ceeding in the Probate Court, for a distribution according to the rules of the descent of real estates, or according to the wills of te» tators which have been allowed and approved.
If the partition in the case at bar can be supported, it is on the ground of the proceedings which the parties have had in the Probate Court. For a partition by deed could not have been made ; inasmuch as one of the heirs was, and is, non compos mentis ; and it is not pretended, that there has been any writ of partition, or any division pursuant to the statute, authorizing the courts of common law to make partition by petition.
We are, then, to review the statutes relating to the Probate Court, to ascertain if the proceedings there have effected a partition of the premises according to the rules and limitations prescribed.
By the act of 4 Will, & Mar. c. 8, (1) the distribution of the residuum of estates of intestates was to be made * among the children of the intestates, and such as should legally represent them, by a committee of freeholders under oath, to be appointed by the Judges of Probate. And by this act, and that of 6 Geo. 1, (2) the judge may divide the estate into as many parts as can be done with convenience, and settle the same on one or more of the heirs, he or they paying the co-heirs their portions in money, according to a just appraisement.
These provisions are substantially reenacted in the revised statute of 1783, c. 36 ; and by the 12th section the Judge of Probate may make partition, by a committee of freeholders, among devisees. He is also authorized to take into consideration any advancements which may have been made by the intestate to his children.
Upon consideration, we are satisfied, that the power of the Probate Court is confined to cases of partition of intestate estates among the heirs, and of estates among devisees, giving to each his portion of land, or in money, according to the rules of descent, or the will of the testator, and not according to rights acquired by purchase.
In the case at bar, there were nine heirs of the intestate. They had certain proceedings in pais, which were intended to settle the estate upon four of the heirs, who had bought out the shares of the others who were capable to act, and paying to their brother, who was non compos, his proportion in money ; and it was supposed, that these proceedings might be ratified, as one of the referees testified, “ by passing them through the Probate Court.” All this may, for aught we know, have been very equitable ; but the statutes have not authorized the Probate Court to carry such informal agreements into effect. It would, in effect, prevent the judge from exercising his *335 discretion in such cases. If the estate should not be divided into as many parts as there are heirs, it ought to appear that it was divided into as many as, in the opinion of the judge, it could be with convenience.
* And, in making the distribution, he cannot take notice of any conveyances, which may have passed between the heirs, or from any of them to strangers. Indeed, where any persons claim before him as purchasers, his jurisdiction is at an end. He is not authorized to make partition between them. This seems to have been under the consideration of the legislature. For, in the act of 4 W. & M. before cited, there is a provision, that, “ where all parties interested in any estate, being legally capable to act, shall mutually agree of a division among themselves, and present the same in writing under their hands and seals,” and acknowledge it before the Judge of Probate, and the same shall be accepted and allowed by him and recorded, it shall be a valid partition.
This provision being, in effect, nothing more than a partition by deed at common law, was not reenacted in the revised statute of 1783 before cited ; and for good' reason. For, if the parties interested in real estate, being capable to grant, should make their partition by deed, there was no necessity of troubling the Court of Probate, or any other court, with the matter. It was valid in itself, without their ratification.
By the said revised statute, the judge is not required to notice, or govern himself by, the agreements of parties, although under seal. It was undoubtedly perceived that he has no mode of determining their validity. It is true, indeed, that he must necessarily determine some facts, which are incidentally involved in matters clearly within his jurisdiction. He is to ascertain who are the heirs at law, among whom the distribution is to be made according to the statute ; — whether any of them be dead, and, if so, who are their legal repre sentatives ; — and so of other facts, which are, for the most part, ot general notoriety.
But the facts which arise from conveyances or assignments are not only various, but intricate. He can summon no jury, to try whether the paper, produced as the deed of the party, was obtained by fraud or duress, or * upon an usurious consideration ;—-whether the erasures or interlineations, which may appear in it, were made before or after it was executed ; — whether, in short, the paper was ever executed as a deed, or not-
The proceedings in the Probate Court must be governed by a sound discretion, having reference to the number and situation of the heirs, and the number of parts into which the estate may be conveniently divided. The judge is to distribute to those who claim as heirs or devisees, not to purchasers. Their claims are to be settled *336 by other courts, having juries, upon common law principles. Nor can the parties give the Probate Court jurisdiction by consent. Such a delegation to the judge would confer no more power than if t were made to the sheriff, or any other individual of the community, not authorized in the premises. Any assent, therefore, which either of the parties may have given to the proceedings in the Probate Court will not legalize them.
It appearing, in the case at bar, that some of the parties before the Probate Court claimed as purchasers, as well as by descent, and that the distribution was made accordingly, the proceedings there are void ; and, as one of the heirs was non compos mentis, we are of opinion, that a lawful partition could be effected only by writ of partition at the common law, or by petition for partition to the courts of, common law jurisdiction, competent to decide upon all the claims and pretensions of the parties.
The verdict in this case must be set aside, the respondents defaulted, and commissioners appointed to make the partition, according to the prayer of the petitioners.

 Anc. Chart., &c., 230.

 Ibid., 426.