RUTLAND,
*February*,
1843.

Bull
*v.*
Nichols.

</div>

The judgment of the county court is affirmed.

----

KATY BULL, Administratrix of Nehemiah Bull, appellant, *v.*
BARBARA NICHOLS, appellee.

Although, by the laws in force in 1793, at the decease of a testator, the devisees could have compelled a division of the estate held under the will, only in the supreme court, yet it was competent for the legislature to change the tribunal for making the partition ; and when made, it must be according to the laws then in force.

It is no valid objection to the jurisdiction of the court of probate, under the act of 1821, in making partition of lands held jointly by several devisees, that some of them had alienated their interest before the commission was applied for.

Though an assignee of some of the devisees, may, while holding the lands in common, have put betterments thereon, yet the commissioners to divide it, must appraise it at its then value, and make the division accordingly.

The appellant from a decree of the probate court, having filed exceptions to which the appellee has demurred, must be confined to such exceptions.

THIS was an appeal from a decree of the court of probate, accepting the return of commissioners appointed to divide the estate of Stephen Nichols, deceased.

It appears that, on the first day of April, 1840, the court of probate, for the district of Rutland, appointed Ira Edmonds and Caleb Randall, commissioners, with authority as follows :—

" To appraise all the real estate whereof Stephen Nichols, 'late of Mount Tabor, in said district, died seized and pos- 'sessed, in said state, each piece and parcel by itself, at the 'present true value thereof, in lawful money.   When you 'have perfected your inventory, you are faithfully and impar- 'tially to divide, and make partition of, the estate therein 'appraised, among the children or heirs of said deceased, in 'the manner and form following, that is to say—To Elcy 'Wing, wife of Benjamin Wing, Drusilla, wife of John Car-

'penter, Catharine, wife of William Carpenter, Patty, wife of 'Joseph Conger, and Barbara Nichols, their respective heirs 'or assigns, each one-fifth part of a certain portion of land, 'devised to said heirs, by the aforesaid Stephen Nichols, 'consisting of about seventy acres, situate in Mount Tabor.

" You will take notice that Gideon S. Tabor is appointed agent for Elcy Wing, Drusilla Carpenter, Catharine Carpen- 'ter, and Patty Conger, their heirs and assigns. When you 'go about your work, let all parties concerned have notice."

The commissioners, on the 20th of April, 1840, made return to the court of probate, that they had "appraised all 'the real estate whereof Stephen Nichols, late of Mount 'Tabor, deceased, died seized, within this state, consisting of 'seventy acres of land, and the buildings situate on the same, 'at the sum of $875, the one fifth of which sum, being '$175, is the share of each of the heirs respectively."

The commissioners then proceeded to say, that they had set out and divided said estate to, and among, the said heirs as follows,—"To the said Barbara Nichols, a certain tract of 'land, situated on the east end of said farm, [here follows 'the description,] containing twelve acres, which we have 'appraised at the sum of $175, which is her full share of said 'estate : To Elcy Wing, fourteen acres and a half, appraised 'at $175 ; to Drusilla Carpenter, fourteen acres and a half, 'appraised at $175 ; to Catharine Carpenter, fourteen acres 'and a half, appraised at $175; to Patty Conger, fourteen 'acres and a half, appraised at $175. To have and to hold," &c.

It does not appear from the return, that notice was given to the "parties concerned."

From the decree of the court of probate, accepting the said return, Katy Bull, administratrix of Nehemiah Bull, assignee of the four last named of the said heirs, appealed.

Upon the entering of the appeal in this court, the appellant filed the following objections.

" The appellant objects to the report of the said committee and its acceptance by the probate court, for the following reasons :

1. Because the said Stephen Nichols, during his life, to wit: on the 25th day of September, 1787, made and published his last will and testament, in which, among other

things, was the following bequest. "I give and bequeath to 'my beloved wife, Anne, during her natural life, all my lands, 'tenements, goods, chattels, and whatever estate or interest, 'either real or personal, that I shall die seized of, in posses- 'sion or reversion, with all the profits arising from the same. 'After that, I will and ordain that the same be equally shared 'among my children, which I do give to them, their heirs and assigns forever;"—as by the said will, now on file in the pro- bate office for the district of Rutland, will appear. After which, to wit: in 1793, the said Stephen Nichols died seized of the said seventy acres of land, so divided by the said committee, and leaving the said Anne, his wife, and five children, to wit: the said Elcy, Drusilla, Catharine, Patty, and Barbara Nichols. The appellant avers that, afterwards, to wit: in 1808, Nehemiah Bull purchased the shares of the said Elcy, Drusilla, Catharine and Patty, in said land, and entered upon, and took possession of, the same, and contin- ued in the occupancy thereof, until the day of his death, to wit: until 1825. After the death of the said Nehemiah, the appellant, as his administratrix, continued in possession of the land, and has so continued until the present day.

The appellant further says that the said Anne died in Jan- uary, A. D. 1840.

The appellant, thereupon, insists that the probate court has no power to order a division of said estate.

2. The appellant also objects to the said report, be- cause the committee appraised the said land at its pres- ent value, with the buildings thereon. The appellant avers that, when the said land came into the possession of the said Nehemiah, it was not worth more than one fourth its present value; that it has been thus increased in value by the buildings erected, and the clearings made, by the said Nehemiah, and the appellant.

The appellant insists that the committee should have set off to the said Barbara, but one-fifth of the value of said land, appraised without the buildings and improvements.

       KATY BULL, By E. F. Hodges, her Attorney."
To these objections the appellee demurred.

*S. H. Hodges* and *E. F. Hodges,* for appellant.

I. The probate court should, of right, take no jurisdiction over the estate in question.

1. The pleadings disclose a case of great hardship to the appellant, against which she can have no remedy at common law, or under the statute of partition. In such cases the parties are remitted to a court of chancery, as alone competent to do them justice. *Arms* v. *Lyman,* 5 Pick. R. 210 ; *Conant* v. *Smith,* 1 Aik. R. 67 ; *Brown* v. *Turner,* Ib. 350.

2. When the estate in remainder in the premises, vested in the devisees, at the death of the testator, in 1793, they could have been compelled to divide them in the supreme court, and there only. Of this right they have never been deprived, but it has been carefully saved on the repeal of the then existing statute. Stat. of 1787, pp. 57 & 120 ; 2 Tolman's Ed. of Statutes, 414.

3. The control of the probate court over lands devised, must evidently be terminated at some period. We contend this is, when any of the devisees alien their shares or take possession of them ; since they are no longer in the hands of the executor, as estate of the testator. *Pond* v. *Pond,* 13 Mass. R. 413 ; *Cook* v. *Davenport,* 17 do. 345 ; *Stearns* v. *Stearns,* 16 do. 167 ; Stat. Mass. 1817, ch. 190, § 24, cited in Big. Dig. 449, Joint Tenants, c. 7.

4. The statute gives no authority to the probate courts to interfere where all the devisees, save one, have alienated ; but only where a devisee holds lands in common with any other devisee or devisees. Slade's Comp. 350,§ 83.

II. The records of the probate court (a court of limited jurisdiction) should show that all the proceedings have been correct. There are defects apparent upon the face of the proceedings in this instance, which render them void. 2 Mass. R. 213 ; 4 do. 121 ; 11 do. 507 ; 14 do. 22 ; 17 do. 81.

1. The committee have made no just division, and are not directed to, by the court, but have set off the land according to its present value, not according to its value when the estate vested ; and have paid no regard to the rights of the claimants. *Webster* v. *Merriam,* 9 Conn. R. 225.

2. Notice was not given to the husbands of the devisees, nor to their assignee, neither of the order of division by the court, nor of the division by the committee. *In re Robinson,* 1 D. Chip. R. 357 ; *Chase* v. *Hathaway,* 14 Mass. R. 222 ; *Shumway* v. *Shumway,* 2 Vt. R. 339 ; *Bouton* v. *Neilson,* 3 Johns. R. 474 ; *Rathbun* v. *Miller,* 6 do. 281 ;

*Harper* v. *Carr*, 7 T. R. 270. See the express directions of the probate court in the warrant.

3. Admitting that the probate court could take notice of the assignment, and had done so, the return does not describe the portion set off to the assignee, and is therefore void; for though transfers by private individuals may have their words of description aided by evidence *aliunde,* this will not be allowed in official conveyances. *Harrington* v. *Barton,* 11 Vt. R. 31; Slade's Comp. 351, §86; do. 349, §79; 2 Cruise's Dig. 469, 485 ; 1 Inst. 164, b. ; *Miller* v. *Miller,* 16 Pick. R. 215. Proceedings in partition imply a warranty, and the return should furnish either party with a remedy, should he be evicted of his property by an older title. Com. Dig. Parc. C. B., Guaranty A ; Co. Lit. 173, b ; Lit. §272 ; Saville R. 113 ; 2 Cruise Dig. 470 ; 2 Black. Com. 300 ; Bac. Ab. Warranty, E.

4. We insist, however, that neither the probate court nor its committee, could take notice of the assignment. It was their duty, in dividing the land, to set out property to each devisee, by metes and bounds. The obvious design of the statute was, that this proceeding, which is at the expense of all the devisees, should not be used for the benefit of one alone, but should ascertain the respective portions of all. *Arms* v. *Lyman,* 5 Pick. R. 210 ; *Pond* v. *Pond,* 13 Mass. R. 417.

*Clark & Pierpont,* for appellee.

It was in the power of the probate court to make the division of the real estate, devised by the will of Stephen Nichols, after the decease of his wife, Anne, among the children of the said Stephen, to whom he devised the land. Slade's Comp. 351, §83.

The committee properly appraised the land, at its present value, including the improvements made thereon. If one tenant has a claim upon a co-tenant for repairs, it may be collected, like other debts ; but he cannot, by making repairs, purchase the interest of the co-tenant. In this case, however, Nehemiah Bull, or his administratrix, cannot have any claim upon Barbara Nichols, for improvements made on the land, for he acquired no right to the possession of it by the conveyance from Elcy, Drusilla, Catharine and Patty, during the

life of Anne. If he was in possession, he must have been in under the tenant for life, or as a trespasser. If as a trespasser, he has no claim on any one; and the remainderman is not accountable for improvements made by tenant for life.

The opinion of the court was delivered by

BENNETT, J.—This case comes up by an appeal from a decree of the probate court, accepting the return of the commissioners, dividing the estate of Stephen Nichols among the devisees. This division having been made before the Revised Statutes went into operation, the questions must be decided under the law then in force.

It is objected to the jurisdiction of the probate court, that, by the laws in force at the death of the testator, in 1793, the devisees could only have compelled a division in the supreme court. If this were so, still the legislature might change the tribunal for making the partition, as the right would not be thereby affected, but simply the mode of seeking the remedy.

It is also said that the jurisdiction of the probate court, under the act of 1821, was defeated by the alienation of four of the devisees, of their shares, to Nehemiah Bull, the intestate, and the husband of the appellant. This act provides that the probate court may, upon the application of any devisee, order a division of any real estate, held by such devisee in common with any other devisee; and the Revised Statutes provide, expressly, that the alienation of one of the devisees shall not affect the jurisdiction of the probate court. The statute of 1821 has long received a practical construction in the probate courts; and they have, as we understand, proceeded to cause divisions to be made among heirs, and devisees, though, at the time of the division, some third person had become interested in the estate, by purchase. Under these divisions in the probate office, there is a large amount of real estate held in severalty; and we should be slow to disturb such divisions, unless constrained to it. In *Pond* v. *Pond et al.* 13 Mass. R. 413, it is true, under a statute similar to ours of 1821, it was held the probate court had no jurisdiction to make partition, after there had been an alienation, made before the commission had been prayed out.

If, however, the commission had been issued before the alienation, the same court will proceed, notwithstanding such

alienation. *Cook* v. *Davenport,* 17 Mass. R. 347. The case of *Pond* v. *Pond* does not seem to have any very good reasons to support it ; and we are not disposed to depart from the practical construction which our statute has received. The course has been to make the partition directly among the heirs or devisees, and leave the shares thus set out, to the effect of the alienation. This relieves the court of probate from determining questions that may arise from the convey-ances or assignments of any of the heirs or devisees—which is much dwelt upon, in the case of *Pond* v. *Pond,* as a rea-son why the probate court should not have jurisdiction.

It is also said that the commissioners ought not to have appraised the property at its *then* value, including the better-ments put upon it by Nehemiah Bull. But this was right. If Bull made betterments upon the land, while it was undi-vided, this gives him no *lein* upon the land itself for his in-demnity. He must be satisfied with the remedy which the law furnishes in other like cases.

These are all the exceptions now properly before this court. The appellant has, in argument, insisted upon the want of proper notice ; and also to the insufficiency of the commissioners' return, in not setting out by metes and bounds the several shares set out to the four devisees, from whom the appellant's intestate, Nehemiah Bull, purchased. But the appellant must be confined to her written objections, or ex-ceptions, to the report, to which the appellee has demurred ; and the cause must stand or fall upon them. But as the appellant's intestate had purchased in all the shares, except the one set to Barbara Nichols, which is set out by metes and bounds, no practical inconvenience will result, in this case, from a want of a more certain description. We affirm the decree of the court of probate, with costs,