ALLETTA E. SLOAN vs. WALDO P. BREEDEN, administrator, & others.

Norfolk.    January 14, 1919. — July 10, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Assignment. Insurance, Life.*

Where one having a wife and children has a policy of insurance on his life payable to his legal representatives, the equitable interest in the policy of any of the persons who will be his next of kin and heirs at law in case he dies intestate is assignable during the lifetime of the insured, and if he dies intestate such assignment may be enforced in equity.

BILL IN EQUITY, filed in the Superior Court on January 24, 1917, to enforce the rights of the plaintiff in the proceeds of an insurance policy on the life of William Breeden, late of Brookline, in the hands of Waldo P. Breeden, administrator of the estate of William Breeden, founded upon an assignment alleged to have been made by William Breeden, junior, Grace Breeden Dearborn, Anne B. Fullerton and Grace B. Dearborn, deceased, the widow of the intestate, executed before and after the death of William Breeden.

Certain of the defendants demurred. The judge overruled the demurrers, and, being of opinion that the interlocutory orders made by him overruling the demurrers ought to be determined by the full court before any further proceedings in the Superior Court, reported the case for such determination.

*W. P. Murray*, for the plaintiff.

*H. Guild*, for the defendants.

BRALEY, J. The material allegations of the bill are admitted by the defendants. It appears that the policy of life insurance, a part of the proceeds of which are in controversy, was by its terms payable to the legal representatives of the insured represented by the defendant Waldo P. Breeden, the duly appointed administrator of the estate. But, the policy having been assigned by the assured to the bank as collateral security for the payment of his promissory note, which was indorsed and afterwards paid by the plaintiff, who also holds assignments from the heirs at law for the repayment of any premiums and moneys which under the terms of the

assignments she advanced, there was due to her, after the note had been deducted, the amount of the advances with accumulated interest. The administrator having received the remaining proceeds of the policy which comprise the only assets of the estate, filed in the court of probate his first and final account accompanied by a petition for a decree of distribution.

It also is alleged, that the next of kin and heirs at law of the insured agreed to assign to the plaintiff all their beneficial interest of whatever nature in and to the policy, in consideration that she would take up the indebtedness of the intestate at the bank and pay the premiums on the policy as they became due, and in performance of this promise they delivered to her the several assignments shown by the record.

The demurrants contend that no case is stated entitling her to equitable relief and that the remedy at law is plain and adequate. The plaintiff, however, bases her right to maintain the bill not only on the assignment of the assured to the bank to whose title she has succeeded, but also on the partial assignments of the heirs at law.

It is settled that the assignment of the intestate is valid, and that, although executed in the lifetime of their father, the insured, their assignments being sufficient in form are enforceable transfers of the right of the assignors to receive any portion of the proceeds of the policy in the settlement of the estate. *Mutual Life Ins. Co. of New York* v. *Allen*, 138 Mass. 24, 30. *King* v. *Cram*, 185 Mass. 103. *Kerr* v. *Crane*, 212 Mass. 224. *Security Bank of New York* v. *Callahan*, 220 Mass. 84, 87, and cases there collated. *Boynton* v. *Hubbard*, 7 Mass. 112, 119, 120. While at common law the assignments are unenforceable and the court of probate regards only the heirs or legatees in a decree for distribution, a court of equity has full jurisdiction to ascertain the rights of their assignees and to decree appropriate relief. *Security Bank of New York* v. *Callahan*, 220 Mass. 84, 88, 89. *Woodard* v. *Snow, ante*, 267. *Andrews Electric Inc.* v. *St. Alphonse Catholic Total Abstinence Society, ante*, 20.

It follows that so much of the interlocutory decree as overruled the demurrers and ordered the "temporary injunction continued in force" is affirmed.

*Ordered accordingly.*