EUGENE A. STOWELL, trustee, *vs.* ARTHUR G. RANLETT & others.

Middlesex. March 21, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Trust,* Construction. *Probate Court,* Jurisdiction.

A provision of a will as to a trust fund was that, on the death of a daughter of the testator, the trust property should be divided " share and share alike between my said sons . . . [naming three sons] and in case of the death of either of them before their sister, then any surviving child or children or widow of either of them." The sons all died before the daughter and at her death there were living a daughter of the first son, the widow and three children of the second son, the widow of the third son and a child of the third son by a former marriage. *Held,* that if nothing more appeared, each such widow was entitled to divide, share and share alike, with the child or children of her husband, one third of the trust property.

Under G. L. c. 215, § 6, the Probate Court has jurisdiction, upon a petition by a trustee under a will for instructions as to the persons to whom and the manner and the proportions in which he should make distribution of the property held

by him in trust, to determine the legal effects of assignments and conveyances made by the beneficiaries of the trust among themselves.

At the death of the daughter of the testator of the will above described, there were surviving only a daughter of the first son, who was the executrix of and residuary legatee under the will of her father; the widow and three children of the second son; the widow of the third son, who was the executrix of and sole legatee under his will, and a child of the third son by a former marriage. The third son after his father's death had given to the first son an assignment of all his interest in his father's estate as collateral security for the payment of a note previously given. After the death of the second son and before the death of the testator's daughter, the widow and children of the second son had conveyed all their interest in the trust estate to the third son and the daughter of the first son. *Held,* that

(1) The interest of the third son having become divested by his death before the death of his sister, his conveyance to the first son was ineffectual to pass title and the one third interest, which would have been his had he survived his sister, should be divided share and share alike between his widow and his son;

(2) Since the widow and children of the second son survived the daughter of the testator, the interest which they had conveyed after the death of the second son was not divested, and the one third interest, which would have been the second son's had he survived his sister, should be divided between the daughter of the first son and the executrix of the will of the third son;

(3) The division of the trust estate should be: one half to the daughter of the first son, one sixth to the son of the third son, one sixth to the widow of the third son, and one sixth to the executrix of the will of the third son;

(4) It was not the duty of the trustee to make partition of or to sell the real estate, title to it having vested in the beneficiaries and their assignees and grantees on the death of the daughter of the testator;

(5) A title to certain real estate which the trustee had had registered in his name as trustee should be transferred by him to those entitled to it.

PETITION for instructions, filed in the Probate Court for the County of Middlesex on January 6, 1920, by the trustee under the will of Charles A. Ranlett, late of Billerica, who died on April 17, 1878, and whose will was proved on June 11, 1878.

The petition was heard in the Probate Court by *Leggat,* J. Material facts are described in the opinion. The judge ruled that a determination as to the legal effect of certain assignments and agreements by beneficiaries of the trust after the death of the testator was unnecessary to a decision of this case for the reasons that they did not relate to the administration of the estate of the deceased, and that they were subjects cognizable only by courts of common law; that the Probate Court was authorized in equity, as well as on the law side, to decree, and the trustee to make, distribution only among the persons designated by the will; and that it had no jurisdiction as a matter of law to deal with the rights arising under the assignments and conveyances in question.

The judge further ruled that, under the will, the widow of a deceased son should share equally with the son's surviving child or children living at the death of the testator's daughter, E. Minnie Ranlett, and, accordingly, by his order a decree was entered directing the petitioner to make distribution of the personal property remaining in his hands in trust among the following persons and in the following proportions: to Helen A. Ranlett, in her individual capacity, four twelfths; to Katherine M. Ranlett, in her individual capacity, one twelfth; to Katherine M. Ranlett, as executrix of and residuary devisee and legatee under the will of Ellen B. Ranlett, deceased, one twelfth; to Foster P. Ranlett, one twelfth; to Charles A. Ranlett, the second of that name, one twelfth; to Ellen A. Ranlett, in her individual capacity, two twelfths; to Arthur G. Ranlett, two twelfths; and the petitioner further was instructed that it was not his duty to make partition of the real estate which composed a part of the trust fund, nor to sell it and divide the proceeds, nor to convey it to the persons entitled thereto in remainder as tenants in common.

Ellen A. Ranlett, individually and as executrix of the will of Horace D. Ranlett, appealed and at her request the judge under St. 1919, c. 274, § 3 (now G. L. c. 215, § 11), reported the material facts.

*G. S. Selfridge,* for the appellant.

DE COURCY, J.  This is a petition in equity by the trustee under the will of Charles A. Ranlett, seeking instructions as to the persons entitled to the trust estate, which is now ready for distribution.  The testator provided in his will that on the death of his daughter, E. Minnie Ranlett, the trust property "shall be divided share and share alike between my said sons David D. Ranlett, S. Alonzo Ranlett and Horace D. Ranlett and in case of the death of either of them before their sister, then any surviving child or children or widow of either of them, shall take the share which would have belonged to such deceased son."  The three sons predeceased the daughter, and she died in June, 1919.

The son David D. died in 1901, leaving no widow, but survived by a daughter, Helen A. Ranlett.  Seth Alonzo died in May, 1905, leaving a widow, Ellen B. Ranlett, two sons, Foster P. and Charles A., and one daughter, Katherine M. Ranlett.  Horace D. died in 1911, leaving a widow, Ellen A., and a son by a former wife,

Arthur G. Ranlett.   We are of opinion that the judge of probate was right in construing the will as entitling the widow of each son to share equally with the surviving child or children.   This would apportion Horace's share between his son Arthur G. and his widow Ellen A. giving to each one sixth, or two twelfths; and the one third share of Seth Alonzo upon his death among his widow and his three children, each taking one twelfth.   Helen A. Ranlett, daughter of David D., succeeds to his share.   All these parties in interest were named as respondents, and were represented before the Probate Court.

It appears that the son Horace D. gave to his brother David D. Ranlett a note for $2,500 dated April 1, 1897; and on May 6, 1897, as collateral security for the payment of this note he executed a mortgage to David D. of all his right, title and interest under the will of his father Charles A. Ranlett.   The principal of the note has never been paid.   The respondent Helen A. Ranlett is the residuary legatee under and the executrix of the will of said David D., her father.   It also appears that in March, 1907, after the death of the son Seth Alonzo Ranlett, his widow and children, being all the persons interested under his will, conveyed to said Horace D. Ranlett and Helen A. Ranlett all the right, title and interest they had or might have in the real estate of Charles A. Ranlett upon the decease of the life tenant E. Minnie Ranlett; and they also transferred all their present and future interests in the personal property of the estate of the testator.   Horace D. died in 1911, testate, leaving all his property to his widow, the respondent Ellen A. Ranlett.

The Probate Court ruled, in substance, that it had no jurisdiction to determine the legal effect of these assignments of their interests by the remaindermen, or to instruct the petitioner as to the distribution of the trust estate among persons other than those designated in the will.   In our opinion this was erroneous. It is true that when that court is sitting as a court of probate, it cannot take cognizance of assignments of their interests made by legatees or distributees.   G. L. c. 203, § 25.   *Pond* v. *Pond,* 13 Mass. 413, 418.   *Hancock* v. *Hubbard,* 19 Pick. 167.   *Lenz* v. *Prescott,* 144 Mass. 505, 515.   But this petition for instructions was made to the court sitting as a court of equity, and it stands like a bill in equity in other courts having concurrent jurisdiction.

See *Bennett* v. *Kimball,* 175 Mass. 199.   It is provided by G. L. c. 215, § 6 (formerly R. L. c. 162, § 5, as amended by St. 1917, c. 126): "Probate courts shall have jurisdiction in equity, concurrent with the supreme judicial and superior courts, of all cases and matters relative to the administration of the estates of deceased persons, to wills . . . or to trusts created by will or other written instrument . . . and of all other matters of which they now have or may hereafter be given jurisdiction.   Such jurisdiction may be exercised upon petition according to the usual course of procedure in probate courts." *Swasey* v. *Jaques,* 144 Mass. 135.   *Horton* v. *Earle,* 162 Mass. 448.   *Green* v. *Gaskill,* 175 Mass. 265.   *Bailey* v. *Dillon,* 186 Mass. 244.   *Sibley* v. *Maxwell,* 203 Mass. 94.   The Supreme Judicial Court, on the petition of the trustee under a will praying for instructions on the distribution of the trust fund, has directed the trustee to distribute it in accordance with assignments of their shares made by the beneficiaries.   Among the instances where this court has taken cognizance of assignments are *Gardner* v. *Hooper,* 3 Gray, 398, and *Minot* v. *Tappan,* 122 Mass. 535, where the interest of a beneficiary was assigned under the insolvent or bankrupt laws; *Stevens* v. *Warren,* 101 Mass. 564, where the beneficiary of a life insurance policy had attempted to assign the policy without the assent of the insurance company; *Putnam* v. *Storey,* 132 Mass. 205, where an administrator was instructed to distribute the estate "among those entitled to it by the will, or to their assignees;" and *Codman* v. *Brooks,* 159 Mass. 477, where the administrator was directed to pay over the share of one of the residuary legatees to his assignees.   See also *Welch* v. *Howard,* 227 Mass. 242, 247; *Sloan* v. *Breeden,* 233 Mass. 418; *Haskell* v. *Haskell,* 234 Mass. 442.   As the Probate Court had concurrent jurisdiction with the Supreme Judicial Court on this petition or bill in equity, the petitioner was entitled to instructions as to the persons entitled to the trust property in view of said mortgage given by Horace D. Ranlett, and of the assignments by the widow and heirs of Seth Alonzo Ranlett.

The facts being all before us, and the parties in interest represented in the proceedings, these questions may be disposed of at this time.

As to the mortgage which Horace D. Ranlett gave to his brother David D., in 1897, as collateral security for a note of $2,500, it is

enough to say that the interest which Horace then had in his father's property was divested by his death in the lifetime of his sister, E. Minnie Ranlett, the life tenant. The mortgage then became ineffective; and the title to his one third became vested in his widow, Ellen A., and his son, Arthur G., in equal shares, by the terms of the testator's will.

In like manner, the share with which Seth Alonzo was vested under his father's will became vested in his widow and children upon his death before that of the life tenant. This interest they could assign, subject to the contingency that the interest of each assignor might be defeated by his death during the life of the life tenant. That interest passed to the assignees, Horace D. and Helen A. Ranlett, subject to the same contingency. It became vested in possession in said assignees on the death of the life tenant; and thereupon each of said assignees became entitled to a one sixth interest in the trust estate. *Putnam* v. *Story, supra. Dodd* v. *Winship,* 144 Mass. 461. *Clarke* v. *Fay,* 205 Mass. 228.

It follows that the respondent Helen A. Ranlett is now entitled to receive two sixths of the trust property, which the will vested in her on the death of her father, David D. Ranlett; and also the one sixth transferred to her by the widow and children of Seth Alonzo. The respondents Ellen A. and Arthur G., widow and son of Horace D. Ranlett, are to receive each one sixth, which vested in them by the death of Horace D. before that of the life tenant. The remaining sixth, which was transferred by the widow and children of Seth Alonzo to Horace D. Ranlett, should be transferred to Ellen A. Ranlett, as she is executrix of the will of said Horace D., thereby preserving whatever rights the respondent Helen A. Ranlett may have to recover from his estate the money due on said note of $2,500. See *Sloan* v. *Breeden, supra.*

It may be added that it is not the duty of the petitioner to make partition of or to sell the real estate, as it vested in the remaindermen and their assignees on the termination of the trust upon the death of E. Minnie Ranlett. The title which the petitioner had registered in his own name by decree of the Land Court will be transferred by him to those entitled to it.

The decree of the Probate Court is reversed; and a decree is to be entered in that court in accordance with this opinion.

*Decree accordingly.*