SARAH G. LENZ *vs.* OLIVER PRESCOTT & others.

Bristol. Oct. 27, 1886. — May 12, 1887. GARDNER, J., absent.

A bill in equity against B., C., D., the executor of E.'s will, the administrator of F.'s estate, and G., alleged the following facts : A. died, leaving a will, by which he gave the residue of his estate to his wife for life, and after her death equally to his ten nephews and nieces, among whom were E., F., and G., with the intention that, "if any of these should die leaving issue before the reception of this bequest, said issue shall be entitled to one share thereof by right of representation." G. assigned his one tenth interest in A.'s estate to B. in trust to pay a debt of an uncertain amount due from D. to said estate, and to pay the surplus to G., his representatives and assigns. E. died without issue, leaving a will, by which he gave the residue of his estate equally to his sister and seven brothers, among whom were F. and G. F. died intestate and without issue, G. being one of his heirs at law. G. assigned to the plaintiff, as security for the payment of a debt, all his interest in A.'s estate, including his interest as devisee of E. and as heir of F., subject to his assignment to B. Subsequently the widow of A. died, and C. was appointed administrator *de bonis non* of A.'s estate, and received the whole of said estate. The plaintiff notified C. of G.'s assignment to him. It was afterwards agreed between C., the eight surviving legatees of A., the executor of E.'s will, and the administrator of F.'s estate, that the shares of E. and F. should not be paid to their representatives, but directly to the eight surviving legatees. This division of A.'s estate was accordingly made, and C. paid to B., on account of G.'s share, a certain sum, which was more than the amount of D.'s debt secured by the assignment to B., both B. and C. having full notice and knowledge of the plaintiff's claim to said share, and C. taking B.'s agreement to indemnify him against the plaintiff's claim. Upon receiving this sum, B., after deducting the amount secured by his assignment, paid the surplus to G., taking G.'s agreement of indemnity therefor. On hearing of these payments, the plaintiff gave B. and C. notice that said payments were wrongful, and forbade C. to pay and B. to receive any further sum on account of G.'s share in said estate. Notwithstanding these notices, C. afterwards made another payment on G.'s share to B., who paid over the sum received to G., B. and G. each giving indemnity therefor. The plaintiff demanded his debt, which remained unpaid, from B., C., and G., but they all denied that the plaintiff acquired any rights under his assignment. The bill sought to establish the plaintiff's title to the property assigned to him by G., and the liability of B., C., and G. to the plaintiff in respect of the money paid by C. to B., and by B. to G., over and above the amount of D.'s debt secured by the assignment to B. *Held*, on demurrer, that the bill was not multifarious; that the plaintiff did not have an adequate remedy at law; that the interest of the residuary legatees in the estate of A. was vested, and not contingent; that, although the estates of A., E., and F. had not been settled in the Probate Court, the plaintiff was entitled to an injunction against the executors of the wills of A. and E. respectively, and against the administrator of F.'s estate ; and to have the bill retained until these estates were settled.

BILL IN EQUITY, against Oliver Prescott, Frederick C. S. Bartlett, William E. Bird, Charles Greene, executor of the will of

Roscoe Greene, deceased, James M. Cross, administrater *de bonis non* of the estate of Alfred Greene, deceased, and Welcome A. Greene, alleging the following facts :

Thomas A. Greene died on December 14, 1867, leaving a will, which was duly proved and allowed on January 3, 1868, and which, after certain specific bequests, devised the residue of his estate to his wife for life, and contained the following clause : " I give and bequeath to the children of my brother, Welcome A. Greene, to be divided equally among them, all the residue and remainder of my estate after the decease of my said wife, to them, their heirs and assigns, forever ; it being my intention, if any of these should die leaving issue before the reception of this bequest, said issue shall be entitled to one share thereof by right of representation." Said residue and remainder consisted of personalty of the value of about $82,000, and of realty of the value of about $5000.

At the time of the making of the will, and at the testator's death in 1867, his said nephews and nieces were ten in number, namely, two nieces and eight nephews, of whom the defendant Welcome was one, and who thereby became entitled, as legatee under said will, to one tenth part of said residue and remainder.

After the death of the testator, Roscoe Greene, another of said ten legatees, died, in July, 1871, leaving a will duly admitted to probate, by which, after certain specific bequests, he gave all the residue and remainder of his estate and property to his sister, Maria Louise Greene, and his seven brothers, including said Welcome, equally.

Roscoe's estate, independently of his said legacy from his uncle, Thomas A. Greene, was more than ample for the payment of all his debts, funeral expenses, and other charges and liabilities of and upon his estate, and specific legacies, so that the defendant Welcome became entitled, under Roscoe's will, to a clear one eighth part of Roscoe's legacy under Thomas A. Greene's will.

In September, 1871, the defendant Charles Greene was duly appointed executor of the will of Roscoe, and became qualified as such.

Alfred Greene, the brother of Roscoe and of Welcome, was also one of said ten legatees, and as such entitled to one tenth

part of the residue and remainder of Thomas A. Greene's estate. Alfred was also one of the residuary legatees of Roscoe's will, and as such entitled to a clear one eighth part of Roscoe's legacy under Thomas A. Greene's will, making Alfred's whole interest in Thomas A. Greene's estate nine eightieth parts of the residue and remainder thereof.

In February, 1874, Alfred died intestate, leaving his six brothers and his two sisters, his only heirs at law and next of kin, and, in September, 1877, the defendant James M. Cross was duly appointed administrator *de bonis non* of Alfred's estate. Alfred's estate, independently of his legacy under his said uncle Thomas's will, and of his legacy under his brother Roscoe's will, was more than ample for the payment of all his debts, funeral expenses, and all other charges and liabilities upon and of his estate, whereby said Welcome, on Alfred's decease, became entitled, as heir and next of kin to Alfred, to a clear one eighth part of Alfred's interest in Thomas A. Greene's estate, namely, to one eighth of Alfred's nine eightieth parts thereof.

On October 31, 1868, after the death of Thomas A. Greene, but before the death of either Alfred or Roscoe, the defendant Welcome, whose whole interest then in the estate of Thomas A. Greene was his legacy of one tenth part thereof, made an assignment of his said legacy to the defendant Oliver Prescott, upon certain trusts, namely, to apply the same to the payment of a debt owing from the defendant Bird to the estate of Thomas A. Greene, the amount of which debt does not appear in said assignment, and to pay over the surplus of said legacy, after paying said debt, to Welcome, his executors, administrators, and assigns.

After the deaths of Roscoe and of Alfred, namely, on July 29, 1875, the defendant Welcome having before that time wrongfully and fraudulently taken and converted to his own use the sum of $7000, which had been entrusted to him by his sister, the plaintiff, to be held in trust for her sole and separate use, she being then married, he, said Welcome, in consideration thereof, then and there undertook and promised to convey and assign to the plaintiff, as security for said sum of money thus wrongfully and fraudulently taken from her, all his right, title, and interest in and to said estate of Thomas A. Greene, deceased, and thereupon made and delivered to the plaintiff his promissory note for

the sum of $7000, dated July 1, 1875, payable to her or order, one year after date, with interest at seven per cent per annum, payable semiannually, and also made and executed to the plaintiff a transfer and assignment in writing, and under seal, of all his, said Welcome's right, title, and interest in and to said Thomas A. Greene's estate, including as well said Welcome's original legacy under Thomas A. Greene's will as his interest in said estate as devisee of Roscoe and as heir and next of kin of Alfred, to have and to hold to her, the plaintiff, her heirs and assigns, as security for the payment of said note.

The transfer and assignment was dated July 1, 1875, but was made and executed on July 29, 1875, and was recorded in the records of personal property in New Bedford on August 10, 1875. Said transfer and assignment was expressed to be made subject to the above-mentioned assignment to Prescott of said Welcome's original legacy under Thomas A. Greene's will.

Lydia M. Greene, widow of Thomas A. Greene, died on November 6, 1883.

The defendant Bartlett was duly appointed administrator *de bonis non* with the will annexed of the estate of Thomas A. Greene, and qualified as such in December, 1883.

Thereupon the plaintiff, on December 10, 1883, through her attorney in fact, James M. Cross, gave to said Bartlett, administrator, notice in writing of said Welcome's transfer and assignment to her, and that said administrator must hold Welcome's share therein until her claim was satisfied, the receipt of which notice Bartlett in writing acknowledged on December 12, 1883.

Upon receiving said notice, or before receiving the same, Bartlett obtained from the records of deeds of personal property in New Bedford, or otherwise, a copy of said Welcome's assignment and transfer to the plaintiff, and knew the contents thereof.

Afterwards, and about January 16, 1884, Bartlett, as administrator, being ready to divide and pay among and to the legatees of Thomas A. Greene the sum of $72,000, part of the personal estate of said testator, it was agreed by and between the eight surviving legatees and Charles Greene, executor of the will of Roscoe Greene, James M. Cross, administrator of the estate of Alfred Greene, and said Bartlett, administrator, that the shares

of Roscoe and Alfred in Thomas A. Greene's personal estate should not be paid to their representatives, but directly to the eight surviving legatees, they being the only persons beneficially interested in said shares of Roscoe and Alfred.

The division of said sum was accordingly made, and thereupon, without the consent or knowledge of the plaintiff, and notwithstanding the notice to Bartlett of the plaintiff's claim and title to said Welcome's share and interest in said estate, and although Bartlett knew that the whole amount of the debt secured by said Welcome's assignment to Prescott, as claimed by Prescott, did not exceed the sum of $6986.66, yet Bartlett paid over the whole of the $9000, which was the share of said Welcome, to Prescott, who also then and there had full notice and knowledge of all the premises, and of the plaintiff's claim and title to Welcome's share and interest in the estate of Thomas A. Greene; said Bartlett then and there taking from Prescott an agreement to indemnify him against the plaintiff's claim therefor.

Upon receiving said $9000, or soon after, Prescott, well knowing all the premises, after deducting from said sum the sum of $6986.66 in satisfaction of the amount claimed by him to be due upon the debt secured by said assignment to him, without notice to the plaintiff, unlawfully paid over to said Welcome the residue of said $9000, namely, the sum of $2013.34, Prescott taking indemnity from Welcome therefor.

Immediately on learning of said payment by Bartlett to Prescott, and on January 15, 1884, the plaintiff, by her attorney, Cross, gave notice by letter to Bartlett that said payment to Prescott was wrongful, and forbade Bartlett to make any further payment out of said Welcome's share of said estate to Prescott, which letter was acknowledged in writing by Bartlett on January 18, 1884.

Upon hearing of said payment by Prescott to said Welcome, the plaintiff, by her attorney, gave notice to Prescott that she should look to him for the money so paid said Welcome, and also gave notice to Bartlett that the trusts of said assignment to Prescott having been, as Bartlett well knew, fully performed and executed, he had no right to pay to Prescott, and Prescott had no right to receive from him, any further sum out of the share

of Welcome in said estate of Thomas A. Greene, and that Bart-
lett would be held responsible for all moneys and property then
in his hands, or which should come to his hands, as such admin-
istrator, to which said Welcome was or should be entitled.

Notwithstanding these notices, Bartlett afterwards, and on
March 4, 1884, made another division of the sum of $8800 of
said personal estate of Thomas A. Greene, and paid to Prescott
the further sum of $1100 of the share of said Welcome in the
personal estate of Thomas A. Greene, Bartlett taking indemnity
therefor from Prescott.

On March 4, 1884, Prescott wrote to the plaintiff's attorney
that, in disregard of the above facts, he should receive from the
administrator, and pay over to said Welcome, the balance of the
property so coming to said Welcome, namely, said $1100, and
take said Welcome's indemnity therefor.

The share of the two sums of $72,000 and $8800, so divided,
to which said Welcome was entitled under his own legacy from
Thomas A. Greene, was $8080; the balance of said first di-
vision of $9000, namely, $920, and the whole of the second
division of $1100, were on account of his share in Roscoe's and
Alfred's estates.

Only a small part of said debt of $7000, secured to the plain-
tiff by said assignment from said Welcome, has been paid, and
there is now due to her thereon, including interest, the sum of
about $11,000.

The plaintiff has applied to said defendants Welcome, Bart-
lett, and Prescott, to pay to her all of the share of Welcome
in the estate of Thomas A. Greene, which was acquired by him
as legatee of Roscoe Greene and as heir to Alfred Greene, and
also all of Welcome's legacy under the will of Thomas A. Greene
over and above the amount of the debt secured by the assign-
ment of said legacy to Prescott; but they have refused the
plaintiff's demand, and they all deny that the plaintiff has any
right, title, or interest in or to any part thereof, pretending that
the assignment to Prescott was of all Welcome's interest in said
estate, as well of that which he afterwards acquired from his
said brothers, as of that which he then had as legatee of Thomas
A. Greene, and also pretending that said transfer and assign-
ment to the plaintiff was invalid and of no effect, because it was

not recorded in the records of mortgages of personal property in New Bedford within fifteen days from July 1, 1875, the nominal date of said assignment, and because the assignment to Prescott was an absolute conveyance and assignment of all the interest of said Welcome's estate, and left him no assignable interest therein.

The prayer of the bill was, that it might be declared that said transfer and assignment from Welcome to the plaintiff was a good and valid equitable assignment of all his right, title, and interest in and to the estate of Thomas A. Greene, as well of Welcome's own legacy, subject to the payment thereout of the debt secured by the assignment to Prescott, as of said Welcome's shares in the legacies to Roscoe and Alfred; that it might be declared that Prescott was not entitled to receive from said administrator, and said administrator had no right to pay to Prescott, any part of the share of the estate of Thomas A. Greene belonging to said Welcome as legatee of Roscoe or as next of kin to Alfred; that an account might be taken of what was due from Bird to the estate of Thomas A. Greene, and secured by the assignment to Prescott from said Welcome; that an account might be taken of the personal estate and effects of Thomas A. Greene that have come to the hands of said administrator, Bartlett, and of the shares thereof to which said Welcome was entitled as legatee of Thomas A. Greene, as legatee of Roscoe Greene, and as next of kin of Alfred Greene, respectively; that the defendants Prescott, Bartlett, and Welcome might be severally decreed to be liable to the plaintiff for, and might be ordered to pay and make over to the plaintiff, all of the money so paid by Bartlett to Prescott, and by Prescott to Welcome, over and above the amount of Bird's debt secured by the assignment to Prescott, with interest thereon; that the defendant Bartlett, administrator, might be restrained from paying to Prescott or to Welcome any part of the share of Welcome of or in the personal assets of the estate of Thomas A. Greene, that are now in the hands of said administrator, or that may hereafter come to his hands; and for other and further relief.

The defendants, except Cross, severally demurred to the bill, for want of equity, for multifariousness, because the plaintiff had a plain, adequate, and complete remedy at law, and because

the matters complained of in the bill and the relief sought were exclusively within the jurisdiction of the Probate Court.

At the hearing, the demurrers were sustained, and the bill dismissed; and the plaintiff appealed to the full court.

*E. H. Bennett & R. Mathewson*, (of Rhode Island,) for the plaintiff.

*C. W. Clifford & F. C. S. Bartlett*, for the defendants.

DEVENS, J. The first ground of demurrer relied on by the defendants is, that the bill is multifarious. The object of the bill evidently is to collect a debt due from Welcome A. Greene to the plaintiff, Welcome having assigned to her, as security therefor, all his interest in the estate of his uncle, Thomas A. Greene, whether the same was derived directly under the will of said Thomas, or through the will of Roscoe Greene, or by inheritance from Alfred Greene. Roscoe and Alfred Greene were brothers of Welcome, and, like him, residuary devisees under the will of Thomas; both died before the assignment, one testate and the other intestate. This assignment was made subject to a previous assignment to Mr. Prescott, which was to secure the payment of a debt due from the defendant Bird to the estate of Thomas, the surplus remaining by the terms of the assignment to be paid to Welcome, his administrators or assigns. The assignment to Prescott, was dated before the death of either Roscoe or Alfred, but the defendants Welcome, Bartlett, the administrator of the estate of Thomas, and Prescott, as the bill alleges, all deny that the plaintiff has any rights by virtue of her assignment, alleging, that the previous assignment operated to convey to Prescott all Welcome's interest in the estate of Thomas, including that to which he became entitled by the death of his brothers, and that it was an absolute conveyance, and left in Welcome no assignable interest.

There are presented, as the defendants contend, three cases in a single bill. A claim for the surplus of the legacy of Welcome under the will of Thomas, after payment of the debt due from Bird, in which only Welcome, Bartlett as administrator, Prescott, and Bird can be interested; a claim for Welcome's legacy under the will of Roscoe, in which no one can be interested but the plaintiff, Charles Greene, the executor of the will of Roscoe, and Welcome; and a claim for Welcome's distributive share in the

estate of Alfred, in which no one can be interested except James M. Cross, as administrator, the plaintiff, and Welcome. We have thus, as it is urged, three independent cases here embraced, without any connecting link which renders it necessary, or even convenient or desirable, that they should be considered in one bill.

We are not prepared to concur in this. As between the plaintiff and Bartlett, the administrator of Thomas, Welcome, and Prescott, these claims form but a part of one transaction. The assignment to the plaintiff, assuming it to be valid and to embrace all the claims stated, entitled her to receive from Bartlett all the surplus of the immediate legacy to Welcome, and from the representatives of Roscoe and Alfred the amounts coming to Welcome from the estates of his brothers. By an agreement set forth in the bill, made between the executor of Roscoe and the administrator of Alfred on the one side, and the defendant Bartlett on the other, Bartlett has received from them certain amounts due to Welcome from the estates they represent, or, more properly, Bartlett has by their agreement retained them, and, without paying them over to Welcome or to the executor and administrator respectively of his brothers, has paid them directly to Prescott. The plaintiff has a demand growing out of an assignment by which every defendant was affected, and their various interests are so blended that it would be impossible to separate the investigation of them with convenience. It is not indispensable that all the parties should have an interest in all the matters contained in the suit; it is sufficient if each party has an interest in some matters in the suit, and that they are connected with the others. Even if one is a necessary party to some portion only of the case, the bill is not therefore necessarily multifarious. Story, Eq. Pl. § 271 *a*. All the parties defendant except Bird practically deny the right of the plaintiff under her assignment, and the transaction by which Prescott has received the money above the debt due to Bird has been participated in by all the defendants except Bird. It does not appear that Prescott makes any claim to these funds, except by reason of the original assignment to him, but he has paid them to Welcome. Bird is a necessary party throughout, as he is interested in having his debt correctly determined, and the assignment to the plaintiff is subject to that debt, so far

as the surplus of the legacy is concerned. The executor of the will of Roscoe and the administrator of the estate of Alfred are also interested in having the amount of this surplus determined, as that is subject with the funds in their hands to the assignment in favor of the plaintiff. The assignment to the plaintiff, it is to be observed, is not an absolute assignment, but one for the payment of her debt, and the representatives of the three estates in which Welcome has assigned his interest are properly made parties in determining how much, if anything, is to be paid by each.

The plaintiff could not have, as the defendants contend, an adequate remedy at law, if the funds to which she had a right to look have been wrongfully paid to Prescott by reason of a misconstruction of the effect of the assignment to him, or for any other cause. The suggestion is, that a series of suits might be brought against the representatives of the three estates. In view of the mode in which all parts of the transaction are connected by the assignment itself to the plaintiff, and especially by the arrangement made between the representatives of the three estates, and by the payment from each through Bartlett to Prescott, a bill in equity affords the only appropriate remedy, in order that a multiplicity of suits may be prevented, that the rights of all parties may be adjusted and settled, and that all persons interested in the subject matter may be bound by the decree, and the bill cannot be held to be multifarious.

The defendants further urge that the interest which Welcome and his brothers had in the estate of Thomas was a contingent interest only; and that, as the tenant for life was living at the time of the assignment to the plaintiff, it was invalid, as the estate sought to be assigned was not included in the class made assignable by the Pub. Sts. c. 126, § 2. There is no occasion to consider the effect of this statute as to contingent estates, as the interest of Welcome and his brothers in their uncle's estate was vested. Upon this point, the case of *Gibbens* v. *Gibbens*, 140 Mass. 102, is decisive. The testator, Thomas A. Greene, does indeed provide that, if any of his nephews should die leaving issue before the reception of the bequest, such issue should be entitled to one share by right of representation. There may be a vested interest determinable upon the happening of a contingency. If

the interest of Welcome and his brothers was subject to be devested by the contingency of the death of either, leaving issue, during the lifetime of the tenant for life, it was not the less on that account vested. *Gardner* v. *Hooper*, 3 Gray, 398. *Blanchard* v. *Blanchard*, 1 Allen, 223. *Darling* v. *Blanchard*, 109 Mass. 176. *McArthur* v. *Scott*, 113 U. S. 340, 381.

The defendants further urge, that, if the plaintiff has any rights, they can be secured only through the Probate Court. The bill prays for an account of the personal estate of the testator, Thomas, in the hands of his administrator Bartlett, and of the shares to which Welcome is entitled in the estate of Thomas, as legatee of Roscoe, and as an heir of Alfred. We do not understand that the plaintiff seeks to transfer the settlement of these accounts into this court. Nor could the bill be maintained for that purpose, as the Probate Court has exclusive original jurisdiction of all matters pertaining to the settlement and distribution of estates. The principal object of the bill is to ascertain the validity and the construction of the assignment under which the plaintiff claims, and for this purpose it may be maintained. The Probate Court does not take cognizance of assignments made by legatees or distributees of their interests, but deals only with those primarily entitled to the legacies or distributive shares. *Pond* v. *Pond*, 13 Mass. 413. *Procter* v. *Newhall*, 17 Mass. 81, 93. *Osgood* v. *Breed*, 17 Mass. 356. *Hancock* v. *Hubbard*, 19 Pick. 167. *Knowlton* v. *Johnson*, 46 Maine, 489. *Wood* v. *Stone*, 39 N. H. 572.

The bill does not set forth that the accounts of the representatives of the three estates involved have yet been settled finally in the Probate Court. While, until this is done, it may not be possible to determine all that is due to the plaintiff, under her assignment, from either estate, if anything, or what sums shall be finally paid by the estates respectively, she is still entitled to maintain the bill to restrain the defendants from paying over to Welcome any moneys now in their hands, or which may hereafter come into them, to which she may be equitably entitled. Should she establish the validity of her assignment and notice to the defendants thereof, the bill should also be retained, in order that, when it is ascertained by proper decrees of the Probate Court, and an accounting there, what is due to Welcome from

the estate of his uncle, Thomas, and from the estates of his brothers Roscoe and Alfred, the representatives of those estates shall be ordered to pay to the plaintiff enough to satisfy her claim, without regard to the division and distribution they have made of the assets of the estates respectively represented by them, by agreement among themselves, and without an order from the court.                    *Demurrers overruled.*