### J. ARTHUR WAINWRIGHT *vs.* SARAH J. SAWYER.

Hampshire.    September 17, 1889. — November 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Will — Devise — Vested Alienable Interest — Deed.*

A testator, by his will, gave his entire estate, real and personal, to his wife, in trust for herself and children, with the power to use whatever she might deem necessary for their care and education, and provided that, when the youngest living child should become of age, one half his estate should be divided equally among his children then living, and the remainder go to his wife absolutely.   An adult son of the testator, before the youngest child became of age, executed an instrument, under seal, reciting that, for a valuable consideration paid him by his mother, " I hereby sell and assign to her, her heirs, executors, administrators, and assigns, all my right, title, interest, and share in and to the estate of my father, . . . and in any property of every description" in her possession as trustee, " to her and their sole use and behoof forever."   *Held*, that such son

took an interest in his father's estate which was alienable before the youngest child became of age, and that the instrument signed by him was sufficient to convey his entire interest in the estate, both real and personal, to his mother.

WRIT OF ENTRY to recover an undivided eighth part of a parcel of land in Easthampton. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows.

The demanded premises were duly attached, on January 28, 1887, as the property of Henry H. Sawyer, in an action brought against him, and, upon an execution duly issued upon a judgment afterwards recovered against him, were duly sold and conveyed to the demandant, whose alleged title rested upon such sale only. Henry H. was the son of Edmund H. Sawyer, who died in 1879, leaving a widow, the tenant, and four children, including Henry H., who was then of full age, and a will, which was duly admitted to probate, and was as follows:

" I give and bequeath to my beloved wife, Sarah J. Sawyer, in trust for herself and children, all my real and personal estate of every description. It is my will that she have the care and education of the children, using for that purpose whatever sums she may deem necessary, and when the youngest living child arrives to the age of twenty-one years, then one half the property shall be divided equally among all the children living; the remaining half shall belong and be given to my wife for her sole use and disposal."

The tenant qualified as trustee under the will in 1879, and took possession as such of the real estate devised therein, which included the demanded premises. Subsequently, Henry H. executed and delivered to the tenant the following instrument :

" Easthampton, Mass., 9th April, 1885. In consideration of one dollar to me in hand paid by Mrs. Sarah J. Sawyer, the receipt of which is hereby acknowledged, and for other valuable considerations, I hereby sell and assign to her, her heirs, executors, administrators, and assigns, all my right, title, interest, and share in and to the estate of my father, Edmund H. Sawyer, deceased, and in any property of every description whatever there has been, is now, or may hereafter be, in the possession of the said Sarah J. Sawyer, as trustee of said estate under the will of said Edmund H. Sawyer, deceased, to her and their sole

use and behoof forever. Witness my hand and seal at East-hampton, Massachusetts, this 9th day of April, A. D. 1885."

This instrument was duly acknowledged on March 6, 1886, and was duly recorded on March 11, 1886. Since April 9, 1885, the tenant has continued in possession of the demanded premises. The youngest of the four children of Edmund H., all of whom are still living, became of age on January 28, 1887.

The demandant contended that under the will Henry H. took no title to the real estate devised by it until the youngest child became of age; and that the instrument dated April 9, 1885, was of no validity as a deed of real estate, and passed. nothing unless it was a release of his contingent interest in the personal estate of his father.

The judge ruled that the instrument of April 9, 1885, was effective, and sufficient to convey to the tenant the demanded premises, and found for the tenant; and the demandant alleged exceptions.

*J. A. Wainwright, pro se.*

*T. G. Spaulding,* for the tenant.

C. ALLEN, J. According to numerous recent decisions, each child of Mr. Sawyer took an interest in his estate, which was alienable before the youngest child became of age. It was not a mere possibility, but a fixed right, to take as purchaser under the devise, which could be defeated only by his death before the time for distribution, or by Mrs. Sawyer's disposing of the property. Assuming that she had an implied power to sell and use the proceeds, this did not defeat the alienability of the son's interest. The alienation, of course, would be subject to all contingencies. See *Welsh* v. *Woodbury,* 144 Mass. 542, 545, and cases cited; *Dodd* v. *Winship,* 144 Mass. 461; *Whipple* v. *Fairchild,* 139 Mass. 262; *Putnam* v. *Story,* 132 Mass. 205, and cases cited.

Looking at the language of the deed in the light of the circumstances, it appears to have been the son's intention to convey his whole interest in his father's estate, both real and personal. The want of a detailed description of the real estate is but a slight circumstance to the contrary. It might be uncertain in his mind what particular pieces of real estate would be in his mother's possession when the youngest child should

become of age. The instrument of conveyance was a deed under seal. He appears by the date to have taken pains to acknowledge it some time after its execution. It ran to the grantee, her heirs, executors, administrators, and assigns. The habendum was to her and their sole use and behoof forever. The words of description of the subject of the grant are as broad as the words of the devise. He sells and assigns all his right, title, interest, and share in and to the estate of his father, " and in any property of every description whatever there has been, is now, or may hereafter be, in the possession of the said Sarah J. Sawyer as trustee," etc. We think his intention to transfer his whole interest is plainly to be inferred, and the words of the deed are sufficient in form. There are no special and exclusive words of grant which must necessarily be used. The words "sell and assign" are sufficient. *Russell* v. *Coffin*, 8 Pick. 143, 151, 152. *Bridge* v. *Wellington*, 1 Mass. 219. *Jamaica Pond Aqueduct* v. *Chandler*, 9 Allen, 159, 167., 3 Washb. Real Prop. (5th ed.) 330. 4 Kent Com. (13th ed.) 461. And it was not necessary to specify particular pieces of real estate. *Litchfield* v. *Cudworth*, 15 Pick. 23. Shep. Touch. 250.

*Exceptions overruled.*