MAGGIE S. SIMS *vs.* MATTIE A. PIERCE.

Suffolk.   March 10, 1892. — June 24, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Deed — Life Estate — " Convey."*

A, who owned a parcel of land, executed an instrument reciting as follows: " This indenture, made " on a day named in 1873, " witnesseth that I, A. . . . doth hereby lease, demise, and let unto B. and C., his wife, so long as either one of them shall live, and to their legal heirs after them," the land, describing it by metes and bounds, "*and in consideration of one dollar to me paid by B.,* I hereby convey to them, to have and to hold during their natural lives, and to their heirs after them, all the above named estate, free from the control or interference of any and all persons." *Held,* that the conveyance fell within the Pub. Sts. c. 126, § 4; and that B. and C. took by the deed a life estate only.

LATHROP, J.   On November 3, 1881, the defendant conveyed to the plaintiff a parcel of land in that part of Malden called

---

Maplewood, by a deed containing, among other covenants, the covenant that the grantor was seised in fee simple of the granted premises. This action is brought for a breach of this covenant. The question whether the plaintiff is entitled to recover depends upon the following facts.

On April 9, 1873, Betsey Pratt, who was then the owner of a large tract of land in Malden, which included the land conveyed by the deed of November 3, 1881, executed an instrument which began as follows : " This indenture, made the ninth day of April, A. D. 1873, witnesseth that I, Betsey Pratt, . . . doth hereby lease, demise, and let unto James and Mattie A. Jones, his wife, so long as either one of them shall live, and to their legal heirs after them," the large tract above mentioned, describing it by metes and bounds, " and, in consideration of one dollar to me paid by James Jones, I hereby convey to them, to have and to hold during their natural lives, and to their heirs after them, all the above named estate, free from the control or interference of any and all persons."

On September 29, 1874, Betsey Pratt executed a deed of quit-claim to James Jones and Mattie A. Jones of a portion of the land described in the instrument of April 9, 1873, and including the land conveyed by the deed of November 3, 1881. The land released is described as " being a part of the life estate leased to grantees, April 9, 1873." And it is declared that this deed is to give the grantees " entire control to use or dispose of at any time and in any manner they may think best."

The deed contained this habendum : " To have and to hold the above released premises, with all the privileges and appurtenances to the same belonging, to the said James Jones and Mattie A. Jones, and their heirs and assigns, to their use and behoof forever."

James Jones afterwards died testate, leaving all of his estate to his wife, who afterwards married again and is the defendant.

The question in the case is what estate did James and Mattie A. Jones take by the deed of Betsey Pratt dated April 9, 1873. If they took only a life estate and their heirs an estate in remainder in fee, the heirs could not be deprived of such remainder by the deed of 1874, and the plaintiff is entitled to recover.

The Pub. Sts. c. 126, § 4, provide : " When lands are given

by deed or will to a person for his life, and after his death to his heirs in fee, or by words to that effect, the conveyance shall be construed to vest an estate for life only in such first taker, and a remainder in fee simple in his heirs." This has been the law of this Commonwealth as to wills since 1792, and as to deeds since 1836. St. 1791, c. 60, § 3, passed March 8, 1792. Rev. Sts. c. 59, § 9. See also Gen. Sts. c. 89, § 12. The rule in *Shelley's case,* 1 Co. Rep. 219, was thus abolished. By this rule, if an estate was conveyed or devised to one for life, with remainder to his heirs, a fee was vested in the first taker, the word "heirs" being construed as a word of limitation and not of purchase.

The argument for the defendant is, that the language of the two instruments executed by Betsey Pratt construed together show that the intent of the first instrument was to give a lease for life only. But we are of opinion that the first instrument cannot be aided by the language of the second instrument, which was made more than a year afterwards.

The defendant next contends that there is a repugnancy between the granting part of the first instrument and the habendum, and that therefore the habendum must yield. The rule is well settled, that, where the estate conveyed in the granting part of a deed is cut down or destroyed by the habendum, the habendum is repugnant or void. *Pynchon* v. *Stearns,* 11 Met. 312, and cases cited. But this is not the case here. If a right of way is given in the granting clause to A., habendum to A., his heirs and assigns, A. has an estate in the way which he can convey. *Pratt* v. *Sanger,* 4 Gray, 84.

In *Bridge* v. *Wellington,* 1 Mass. 219, the deed contained no words of grant whatever. Following the description was an habendum in fee to the person who was described as having paid the consideration; and this was held to be a good deed.

In *Jamaica Pond Aqueduct* v. *Chandler,* 9 Allen, 159, the parties to an instrument called it a lease, and used that word to pass the estate in land which they intended to transfer; yet, as the habendum was to the said A. (the person to whom the land was leased), "his heirs and assigns, so long as said corporation [the lessor] shall keep pipes in his land, as aforesaid, and no longer," it was held that A. had a base fee.

In *Wainwright* v. *Sawyer,* 150 Mass. 168, a son who had a

remainder in his father's estate which he could alienate made a deed to his mother of his interest in the estate, in which the words of grant were, " I hereby sell and assign to her, her heirs, executors, administrators, and assigns"; and these words were held sufficient to pass his title to the land. The court said : " We think . . . the words of the deed are sufficient in form. There are no special and exclusive words of grant which must necessarily be used."

In the case at bar it is to be noticed that the word " convey " is not in the habendum; and that Betsey Pratt undertook not only to " lease, demise, and let " the estate, but also to convey it. " Convey " is certainly as strong a word of grant as the words " sell and assign " used in *Wainwright* v. *Sawyer.* If the words of the habendum following the word " convey " had been simply " to have and to hold to them and their heirs," we should have no doubt that a fee would have passed. But, as the words are " to have and to hold during their natural lives and to their heirs after them," we are of opinion that the conveyance falls within the statute.                              *Judgment for the plaintiff.*

*B. E. Perry & G. H. Perry,* for the defendant.

*C. D. Adams,* for the plaintiff.