JOSEPH RIVARD *vs.* JOSEPH E. AMIOT.

Bristol.    March 15, 1911.— May 20, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability.

At the trial of an action by an employee against his employer, there was evidence tending to show that, in the course of the construction of a building, a plank was being put from the first floor of the building through a hole to the second floor; that the plaintiff with others were on the first floor pushing the plank and that near the plaintiff there was a hole into the cellar which he was using reasonable care to avoid; that the defendant himself with other employees was on the second floor pulling the plank up; that, by the desire and in accordance with the intention of the defendant and partly from his exertions, those on the second floor gave the plank an unusually quick pull which caused those on the first floor partially to lose control of it so that its end swung around and knocked the plaintiff through the hole into the cellar. *Held*, that the questions, whether the plaintiff was in the exercise of due care and whether the defendant was negligent, were for the jury.

TORT for personal injuries received by the plaintiff while in the employ of the defendant and assisting in the construction of a building.    Writ dated December 18, 1908.

In the Superior Court the case was tried before *Hardy*, J. The facts are stated in the opinion.    At the close of the evidence the presiding judge refused to rule that upon all the evidence the plaintiff could not recover, or that there was "no sufficient evidence to warrant the jury in finding" either that the plaintiff was in the exercise of due care or that the defendant was negligent.    The jury found for the plaintiff in the sum of $1,250; and the defendant alleged exceptions.

*D. F. Slade*, for the defendant.

*J. W. Cummings*, for the plaintiff.

HAMMOND, J.   There is no question as to the pleadings. Upon the evidence the jury might have found that at the time of the accident the plaintiff, by the order of the defendant, for whom he was at work, was engaged in helping put the plank through the hole in the second floor ; that in doing this he stood with two others upon the first floor and was pushing the plank, which at the same time was being pulled by three persons, including the defendant, upon the second floor ; that while all were thus working to move the plank an unusually quick and forward movement was given by those pulling on the second floor ; that this movement was intended and desired by the defendant and was due in part to his own manual exertions in pulling; that as the natural result of the movement those on the first floor partially lost control of their end of the plank, by reason whereof that end swung, and, hitting the plaintiff, knocked him through a hole in the first floor into the cellar, whereby he was injured.

The jury might further have found that the plaintiff was fully aware of the hole in the first floor, and was using reasonable care not to fall into it ; that he had no reason to anticipate the sudden forward and swinging movement of the plank, and that in no way was the accident attributable to any lack of care on his part ; and further, that the movement was due in part to the actual manual act of the defendant, and that in view of the injury liable to occur to those below standing so near to the hole because of such a movement, the violent pulling was a careless act.

Upon such findings the plaintiff had a case.   The question of liability was properly submitted to the jury.   See *Connolly* v. *Booth*, 198 Mass. 577 ; *Bowie* v. *Coffin Valve Co.* 200 Mass. 571 ; *Sarrisin* v. *Slater & Sons*, 203 Mass. 258.   In this last case the decision was for the defendant on the ground that the act of which the plaintiff complained was the act of a fellow servant and not the act of the defendant or of a superintendent.   In the present case the act of which the plaintiff complains was in part the personal act of the defendant.

*Exceptions overruled.*