SECURITY BANK OF NEW YORK vs. FRANK J. CALLAHAN
& another.

Suffolk.   November 11, 1914. — January 6, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* To enforce assignment of interest in estate of decedent, For an accounting.   *Executor and Administrator.   Judgment.   Probate Court,* Decree.

If a debtor assigns to his creditor an interest as legatee under a will "up to the" amount of the debt as security for the payment of the debt, and the creditor gives notice of the assignment to the executor of the will, who assents to it and signifies his willingness to regard the creditor as the holder of a partial assignment of the interest of the debtor in the estate, and if thereafter the executor in a final settlement of the estate ignores the creditor and pays to the debtor or for his benefit the whole amount of his legacy which is in excess of the creditor's claim and files in the Probate Court his final account showing such payment, and a decree is entered allowing the account from which no appeal is taken, the creditor may maintain a suit in equity to compel the executor to account to him for the amount covered by the assignment.

A decree of the Probate Court allowing a final account of an executor of a will showing payments by him to a legatee is no bar to a suit in equity by a creditor of the legatee to compel the executor to account to him for the amount of a partial assignment of the legacy of which the executor had notice and to which he assented before he made any payment to the legatee.

BILL IN EQUITY, filed in the Supreme Judicial Court on August 30, 1913, and afterwards amended, against Frank J. Callahan and George A. Callahan, in which it was alleged in substance that the plaintiff was the successor of the Fourteenth Street Bank of New York City, to whom on or about March 2, 1908, there were owing the principal, interest and protest fees of two one thousand dollar notes of the defendant George A. Callahan; that on that day the defendant George A. Callahan executed and delivered to the plaintiff's predecessor in title the assignment hereinafter set out of his interest in the estate of John F. Callahan as security for the payment of the notes, the estate then being in process of liquidation and settlement; that shortly after that date the defendant Frank J. Callahan was informed and notified of the assignment, and that on May 27, 1908, he was notified formally, as executor, in writing, and that at the times when he received

notice of the assignment he had in his possession and control as executor property sufficient in amount so that the claims of the plaintiff easily might have been paid out of the share of George A. Callahan.

It further was alleged in the bill that the defendant Frank J. Callahan never refused to recognize the assignment, but communicated with the plaintiff from time to time with reference to the progress of the settlement of the estate and the prospects for the payment by the executor of the interest and share of George A. Callahan under the will; that in various ways the defendant Frank J. Callahan signified to the plaintiff his assent to the assignment and his willingness to treat the plaintiff as the holder of a partial assignment of the interest of George A. Callahan; that the plaintiff inquired of the defendant Frank J. Callahan from time to time as to what the prospects were of a settlement and distribution of the estate being made, and the interest of George A. Callahan thereunder being paid and liquidated, and received assurances from the defendant Frank J. Callahan that the matter was being attended to as rapidly as could be done under the circumstances, and that funds amounting to at least the amount of the claim of the plaintiff still remained in the hands of the defendant Frank J. Callahan for account of the interest and share of George A. Callahan under the will; that while the plaintiff was lulled into security by the before mentioned representations of the defendant Frank J. Callahan, and after that defendant had received notice of the assignment, Frank J. Callahan, without the knowledge of the plaintiff, paid out to and for the account of the defendant George A. Callahan all of his share and interest in the estate, the amounts so paid being largely in excess of the claim secured by the assignment; that thereafter Frank J. Callahan presented his accounts as executor to the Probate Court for allowance, showing that all of the assets of the estate had been paid out and distributed by the executor; that on June 12, 1913, a decree was made by the Probate Court allowing the final account of the executor, from which no appeal was taken.

The prayers of the bill were for an adjudication that the defendant George A. Callahan owed the plaintiff the amount of the notes with interest and protest fees, that the assignment was

valid and effectual to substitute the plaintiff for George A. Callahan as to his share in the estate of John F. Callahan to the amount of its claim, that the defendant Frank J. Callahan might "be required to account with the plaintiff, and to disclose the condition of the accounts of the estate of John F. Callahan in his hands on March 2, 1908, and to disclose all of his dealings with the assets of said estate from that time to the date of the filing of this bill, for the purpose of ascertaining the amount and value of the interest of George A. Callahan in the assets of the estate of the said John F. Callahan on March 2, 1908, and thereafter," and that, if upon such accounting it should appear that George A. Callahan had any interest of value in the assets of the estate of John F. Callahan, deceased, on March 2, 1908, or thereafter, the defendant Frank J. Callahan might be ordered to pay to the plaintiff the amount of that interest up to the amount of the claim of the plaintiff.

Material portions of the assignment, which was signed and acknowledged by George A. Callahan before a notary public, were as follows:

"For and in consideration of One Dollar ($1.00) to me in hand paid by the Fourteenth Street Bank in the City of New York, State of New York, the receipt of which is hereby acknowledged by the execution and delivery of these presents, and for other valuable consideration, I do hereby assign to said bank, as security for the payment of the following notes made by me: [describing them] all my right, title and interest in and to my share of the Estate of John F. Callahan, deceased, up to the sum of Two Thousand Dollars ($2,000) and interest . . . up to the date of the liquidation of my debt to said bank as evidenced by the two above-named notes of mine held by it."

The defendant Frank J. Callahan demurred to the bill, assigning the following grounds of demurrer:

"1. That it does not set forth facts which would entitle the plaintiff to any relief as against this defendant.

"2. That it fails to show any adjudication by the Probate Court to the effect that George A. Callahan was or is entitled to any payments from the estate of John F. Callahan or from his executor.

"3. That the bill states that a final account has been allowed by

the Probate Court, but does not state that any sum was found to be due George A. Callahan upon such final account.

"4. The bill did not allege that the accounts of Frank J. Callahan, executor of the estate of John F. Callahan, as allowed by the Probate Court, show that any payment was made to George A. Callahan by Frank J. Callahan as executor after May 27, 1908, the date on which it is alleged that notice of the assignment of George A. Callahan to the plaintiff was given to Frank J. Callahan.

"5. That it fails to show that there has ever been any decree of distribution made by the Probate Court in connection with the will or estate of John F. Callahan.

"6. That it fails to allege that at the final accounting George A. Callahan was or is or has ever been entitled to any balance or any payment from Frank J. Callahan, executor.

"7. That it shows that the rights of the plaintiff, if any he has, should have been first asserted in the Probate Court."

The case was reserved by *De Courcy,* J., for determination by this court upon the bill as amended and the demurrer of Frank J. Callahan.

*T. Hunt,* for the defendant Frank J. Callahan.

*R. E. Goodwin,* for the plaintiff.

BRALEY, J.  While at common law not only the subject matter must be in existence and in the actual or potential possession of the assignor, but partial assignments are not recognized, a court of equity will protect and enforce such assignments by beneficiaries under trusts where the right has not been cut off by the testator, and by heirs and legatees of their contingent interest in funds or property, if made in good faith for a valuable consideration, and not contrary to public policy.  *Low* v. *Pew,* 108 Mass. 347, 350.  *Leverett* v. *Barnwell,* 214 Mass. 105.  *Trull* v. *Eastman,* 3 Met. 121.  *Jenkins* v. *Stetson,* 9 Allen, 128.  *Whipple* v. *Fairchild,* 139 Mass. 262.  *James* v. *Newton,* 142 Mass. 366. *Wainwright* v. *Sawyer,* 150 Mass. 168.  *Sawyer* v. *Cook,* 188 Mass. 163.  *Hinkle* v. *Wanzer,* 17 How. 353.  *Delaware County Commissioners* v. *Diebold Safe & Lock Co.* 133 U. S. 473.  *Row* v. *Dawson,* 1 Ves. Sen. 331.

The assignment held by the plaintiff as collateral security for the payment of certain promissory notes of the assignor clearly comes within this principle.  It transferred as between the parties

a qualified interest commensurate with the amount of the loans and accrued interest in the share of the estate bequeathed to the assignor. *James* v. *Newton,* 142 Mass. 366. *Richardson* v. *White,* 167 Mass. 58. The bill does not refer to the provisions of the will. It alleges only that the assignor is a "beneficiary" having an unqualified interest or share which we assume to be that of a legatee. The executor in the settlement of the estate would have the right to deal with the legacy as an entirety until informed of the transfer to which it is alleged he consented and expressed his willingness to treat the plaintiff as the assignee.

If for his own protection the plaintiff gave notice of the assignment, the assent or acceptance by the debtor would add nothing to the bank's title. *Buttrick Lumber Co.* v. *Collins,* 202 Mass. 413. *Kingman* v. *Perkins,* 105 Mass. 111. But as the demurrer admits all the essential allegations, the question referred to but left undecided in *James* v. *Newton,* 142 Mass. 366, and *Richardson* v. *White,* 167 Mass. 58, whether in the absence of such assent the executor could have ignored the plaintiff and dealt only with the legatee, need not be decided.

It is admitted that the executor, after receiving notice, paid to the assignor or on his account all of his share, which was largely in excess of the plaintiff's demands, and having presented his accounts to the court of probate, the final account showing the distribution has been allowed, and no appeal from the decree has been taken. The demurrant and executor contends that this decree bars relief.

It is immaterial whether the amount coming to the assignor was paid before or after the estate had been settled. The allowance of the final account under R. L. c. 150, §§ 1, 2, which must be presumed to have rested upon the preceding accounts, closed the estate as effectually as if a decree of distribution had been asked for and entered under § 19. *Rhines* v. *Wentworth,* 209 Mass. 585, 588, and cases cited. *Welch* v. *Boston,* 211 Mass. 178, 182. The court of probate in a decree of distribution deals only with heirs and legatees, without regard to their assignments or pledges. *Lenz* v. *Prescott,* 144 Mass. 505, 515. *Coram* v. *Davis,* 209 Mass. 227. It is only where the administrator or executor states in his account that payments to heirs or legatees are claimed because of payment to their assignees, that the validity or effect of an as-

signment can be determined in that court. *Palmer* v. *Whitney*, 166 Mass. 306. *Robbins* v. *Horgan*, 192 Mass. 443.

The rights of the plaintiff therefore are not foreclosed by the decree. *Abbott* v. *Foote*, 146 Mass. 333. *Shores* v. *Hooper*, 153 Mass. 228. *Minot* v. *Purrington*, 190 Mass. 336, 341. And this court having acquired jurisdiction can determine all questions within the frame of the bill which are necessary to afford the plaintiff full equitable relief. *Perry* v. *Pye*, 215 Mass. 403, 413. *James* v. *Newton*, 142 Mass. 366. *Fourth Street Bank* v. *Yardley*, 165 U. S. 634.

The payment of debts and charges of administration do not appear to have so depleted the personal estate as to require contribution by the legatee, and the entire legacy was due and payable at the date of the final account. *Fitch* v. *Randall*, 163 Mass. 381. It having been the duty of the executor to deduct and transmit to the plaintiff a sufficient amount to satisfy its demands, the payments made before stand the same in legal intendment as if made after the decree had been entered. *Osborne* v. *Jordan*, 3 Gray, 277. *Robbins* v. *Horgan*, 192 Mass. 443, 447. If the legatee had interposed objections or questioned the effect of the assignment, the executor, who was a mere stakeholder, could have compelled the claimants to have litigated their rights on a bill of interpleader. *Morse* v. *Stearns*, 131 Mass. 389. Or if the executor had refused to recognize the assignment the plaintiff could have protected its rights by a bill for injunctive relief as in *Lenz* v. *Prescott*, 144 Mass. 505.

But on the face of the record, having voluntarily paid after notice and assent the legacy either to the assignor or for his benefit, he must account to the plaintiff for the amount covered by the assignment. *Newcomb* v. *Williams*, 9 Met. 525, 535. *Buttrick Lumber Co.* v. *Collins*, 202 Mass. 413, 421, 422. *Gardiner* v. *Thorndike*, 183 Mass. 81.

We are not called upon to determine whether under *Cleaveland* v. *Draper*, 194 Mass. 118, if the payments were mistakenly made in good faith he can petition the court of probate to have the decree revised, and if revision is decreed the assignor can be compelled to refund.

The result is that the demurrer must be overruled.

*Decree accordingly.*