DAVID BUTTRICK *vs.* LOUIDA W. SNOW, administratrix, & others.

Middlesex.   October 8, 1931. — December 3, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* To follow interest of heir in proceeds of sale of land by administrator. *Executor and Administrator. Equity Pleading and Practice,* Decree: without prejudice.

One to whom, after the death intestate of the owner of real estate, some of his heirs at law gave a mortgage of their interest in the real estate to secure a loan then made to them, cannot maintain a suit in equity in the Superior Court to require the administrator of the estate to give to him an accounting as to proceeds of a sale of the real estate under license of the Probate Court issued, after the plaintiff received his mortgage, upon a petition to which such mortgagee was a party respondent, whether such license was issued under § 1 of G. L. c. 202, or under § 19 in the amended form appearing in St. 1923, c. 321.

Since the bill in equity filed by the mortgagee in the circumstances above described did not include in substance an averment that the administrator would not recognize the plaintiff's rights to such balance as, upon an accounting being had in the Probate Court, might be found to be left in the administrator's hands from the proceeds of such sale after payment of the debts and charges of administration, the bill, upon a demurrer setting forth as a ground that the plaintiff "is not entitled . . . to any present relief in equity," was *held* not to show a reason for its retention for the determination, protection or enforcement of the plaintiff's rights in such balance.

A decree dismissing such a bill upon demurrer should be without prejudice.

BILL IN EQUITY, filed in the Superior Court on February 19, 1931.

The defendant administratrix demurred on the grounds stated in the opinion. The demurrer was heard by *Broadhurst,* J., and was sustained, and a final decree was entered dismissing the bill without costs. The plaintiff appealed.

The case was submitted on briefs.

*A. W. Wunderly*, for the plaintiff.

*C. A. McDonough*, for the defendants.

FIELD, J.  This is a bill in equity brought in the Superior Court by a mortgagee of the undivided interests of the defendants Wallace Snow and E. Elbridge Snow in certain real estate formerly owned by Walter H. Snow, deceased, intestate, of whose estate the defendant Louida W. Snow is administratrix.  The defendant administratrix demurred.  An interlocutory decree sustaining the demurrer and a final decree dismissing the bill without costs were entered. From both decrees the plaintiff appealed.

The bill alleges that the intestate died February 9, 1928, "leaving as his only heirs at law, his widow, . . . [the defendant administratrix], and his two sons," the other defendants, and seized of certain real estate; that the widow was duly appointed administratrix March 18, 1928; that on July 23, 1928, the defendants E. Elbridge Snow and Wallace Snow, being indebted to the plaintiff, executed and delivered to him a note for $3,000 and a mortgage of their interest in said real estate, the mortgage being duly recorded; that on July 23, 1930, the mortgage became due and payable but the mortgagors failed to pay the debt secured thereby and still owe the principal sum, with interest, amounting in the aggregate to $3,525; that "on a petition for license to sell the real estate of the intestate . . . in which the plaintiff was named as the mortgagee of said property under a mortgage from the heirs at law," a decree was entered February 8, 1929, licensing the administratrix to sell said real estate at public auction; that under the power so conferred she sold the real estate on December 3, 1929, for $3,300; that the debts of the intestate amounted to not more than $2,000 and charges of administration to not more than $900; that the defendant administratrix has collected approximately $4,650 in assets belonging to the estate, including said sum of $3,300, and that after paying from said sum of $3,300 so much of the debts and expenses of administration as might lawfully be paid therefrom there was a balance remaining of approxi-

mately $1,650. The bill alleges further that upon the sale
of the real estate "the lien of the said mortgage attached
to the funds realized at the sale and the administratrix was
bound to see that the proceeds of the sale were paid to the
person to which they belonged"; that the plaintiff is en-
titled under his mortgage to receive two thirds of the bal-
ance of the money received for the real estate; that the
defendant administratrix "although called upon by the
plaintiff to account for and pay over to him the sum to
which he is so entitled, neglects and refuses to so account
or to pay over money to the plaintiff," and that the plain-
tiff has no adequate remedy at law.

The prayers are (1) that "an account be taken of the
sums of money received by the said administratrix as assets
of the estate and her expenditures for the debts and ex-
penses of administration thereof" and that "the amounts
for which she is chargeable therein be ascertained"; (2)
that, "upon said accounting being taken," the defendant
administratrix "be adjudged and decreed to be a trustee
for the benefit of the plaintiff or of such other person or
persons as appear to have an interest in such sums of
money as are found to be due the plaintiff or any other
person and that she be ordered to pay such sums found to
be due to the persons to whom it belongs," and (3) for general
relief.

The grounds of demurrer, in substance, are that the de-
fendant administratrix is accountable for the proceeds of
the sale of the real estate only in the Probate Court; that
if the "plaintiff has any lien, legal or equitable," on any
part of the proceeds of the sale of the real estate "such lien
attaches only to any surplus found and determined by the
Probate Court to belong to the two heirs at law upon whose
share the plaintiff held a mortgage," and the power to pass
upon the defendant administratrix's accounts and to deter-
mine the amount of such surplus, if any, is in the Probate
Court; that the Superior Court "has no jurisdiction to
pass upon the accounts of the defendant as administra-
trix," and that the plaintiff "is not entitled to the relief
prayed for, or to any present relief in equity."

On the allegations of the bill the real estate in question was sold under a license granted by the Probate Court in proceedings to which the plaintiff was a party. The general statute relative to sales of real estate under license in the Probate Court provides that "the net proceeds of such sale, after deducting the expenses thereof and such amount as may be required for the payment of debts, legacies and charges of administration, in consequence of a deficiency in the personal property, shall be paid over to the person or persons who would have been entitled to such real estate and in the proportions to which they would have been entitled had it not been sold." G. L. c. 202, § 19, as amended by St. 1923, c. 321.

The determination of the amount of the net proceeds of the sale of the real estate under the license was for the Probate Court on its probate side and not for the Superior Court in equity. Under G. L. c. 206, § 6, the administratrix was chargeable in her accounts with all proceeds of the sale of real estate. The amount of the net proceeds of the sale of the real estate in question payable to the persons who would have been entitled to such real estate if it had not been sold cannot be determined until the amounts of the debts and of the charges of administration have been ascertained. The administratrix was entitled to have her accounts, including allowances for debts and for charges of administration and the balance for which she was finally chargeable, settled by the Probate Court, sitting in probate, which has exclusive jurisdiction of the settlement of such accounts. *Green* v. *Gaskill*, 175 Mass. 265, 269, and cases cited. *Holmes* v. *Holmes*, 194 Mass. 552, 556. *Allen* v. *Hunt*, 213 Mass. 276. Though in general that court on its probate side cannot take cognizance of the mortgage to the plaintiff of the interests of the heirs at law in the real estate sold (*Stowell* v. *Ranlett*, 238 Mass. 599, 602, compare G. L. c. 202, § 19; *Security Bank of New York* v. *Callahan*, 220 Mass. 84, 88–89; *Child* v. *Clark*, 231 Mass. 3), it is not by reason of the existence of that mortgage ousted of its jurisdiction to settle the accounts of the administratrix. See *Lenz* v. *Prescott*, 144 Mass. 505, 515; *Coram* v. *Davis*,

209 Mass. 229, 247. The bill, therefore, so far as it seeks an accounting by the administratrix in the Superior Court cannot be maintained.

The plaintiff, however, can maintain a suit in equity in so far as equitable relief is appropriate to determine, protect, or enforce his rights, if any, to the proceeds of the sale of the real estate not used for the purpose of paying debts and charges of administration as ascertained by an accounting in the Probate Court. See *Lenz* v. *Prescott*, 144 Mass. 505, 515; *Coram* v. *Davis*, 209 Mass. 229, 247; *Security Bank of New York* v. *Callahan*, 220 Mass. 84. See also *Bartlett* v. *Moore*, 233 Mass. 481. But one of the grounds of demurrer is that the plaintiff "is not entitled . . . to any present relief in equity." It is not contended that the bill states a case for an injunction against payment of proceeds of the sale to any person other than the plaintiff pending an accounting in the Probate Court. Compare *Lenz* v. *Prescott*, 144 Mass. 505. A court of equity has no jurisdiction to compel such an accounting by the administratrix (*Greene* v. *Brown*, 180 Mass. 308, *Holmes* v. *Holmes*, 194 Mass. 552, 555–556), and the plaintiff does not seek by the bill to compel the heirs at law under whom he claims by reason of the mortgage to petition the Probate Court to order such an accounting. As there are no allegations in the bill that upon an accounting being had in the Probate Court the rights of the plaintiff under the mortgage in the balance of the proceeds of the sale of the real estate as ascertained by such accounting will not be recognized by the administratrix, no reason is shown for the retention of the bill for the determination, protection or enforcement of such rights. Compare *Lenz* v. *Prescott*, 144 Mass. 505. It does not appear, therefore, that the plaintiff is entitled to any present relief in equity.

The plaintiff's case stands no better if it is assumed that the license for the sale of real estate was granted under G. L. c. 202, § 1, *et seq.*, for the purpose of paying debts and charges of administration instead of under G. L. c. 202, § 19, as amended by St. 1923, c. 321.

The interlocutory decree sustaining the demurrer, there-

fore, must be affirmed. Since the bill was not amended (see Equity Rule 10 [1926]), a decree dismissing it was proper, but as the case was not disposed of on its merits such decree should have been "without prejudice." *Christiansen* v. *Dixon*, 271 Mass. 475. *Hooker* v. *Porter*, 271 Mass. 441, 448. The final decree must be modified in this respect, and, so modified, affirmed.

*Ordered accordingly.*