EDWARD S. ELY

*v.*

MORGAN DIX *et al.*

*Filed at Ottawa November 13, 1886.*

1. WILL—*power of sale in several executors—when the power may be exercised by a part of the donees thereof.* Where power is given in a will to several executors to sell real estate, a sale by the executor who qualifies, or by the surviving executor, will be valid, whether the power is merely discretionary or is mandatory.

2. A testator gave all his estate to his widow for her life, and directed that at her death it be disposed of, one-third to the testator's son, one-third to his daughter, A, for her life, the income to be applied, by her and her husband, to her support, and to the support and education of her four children, and at her death her portion to be divided among her said children as they should,

respectively, become of age, and the other third to his daughter, B, for her life, the income to be applied in the same manner as with the other daughter, He appointed C, D and E, his executors, and authorized them to sell such portions of his real estate as they might think advantageous, and make proper conveyances. E declined to accept and qualify. C and D qualified, and the widow and D died without any sale of real estate having been made: *Held,* that C, the sole surviving executor, had full power to sell and convey any of the lands of the testator in this State.

3. SAME—*effect of the death of one of several beneficiaries, on the power of sale given to executors.* It has been held, that when the object for which a power has been created has been accomplished, or has become impossible, or unattainable, the power itself will cease to exist.

4. But where power is given to executors to sell real estate for the purpose of creating a fund in which several persons are to participate, the death of one of the beneficiaries before there has been any attempt to exercise the power, will not in anywise operate to impair the authority of the executors to sell for the benefit of the survivors. In such case, the object of the testator in making provision for the fund has not been wholly accomplished, nor has it become entirely impossible or unattainable,—and so the power will not have ceased to exist.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. WILLIAM C. REYNOLDS, for the appellant:

The sole surviving executor has all the powers which the three executors could now exercise if all were living and qualified. Rev. Stat. 1872, chap. 3, sec. 97; *Pohlman* v. *Smith,* 23 Ill. 448; *Wardwell* v. *McDowell,* 31 id. 364; *Hughes* v. *Washington,* 72 id. 84; *White* v. *Glover,* 59 id. 465; *Taylor* v. *Morris,* 1 Com. 341; *House* v. *Raymond,* 1 Huse, 50.

Messrs. WILSON & MOORE, for the appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

Appellees, who are the executor and devisees under the will of John A. Dix, deceased, filed their bill, in the Superior Court of Cook county, against the appellant, to enforce the specific performance of a contract, dated February 8, 1886, made

between Morgan Dix, "sole surviving executor of the estate of John A. Dix," and the appellant, for the sale by the former to the latter of about sixty acres of land in the east half of the south-east quarter of section 24, township 38, range 14, east of the third principal meridian, in Cook county, except certain portions occupied by the Hyde Park and Lake water works, and except the right of way of the South Chicago Railway Company, for the sum of $35,000, payable, $8000 in cash, and the balance in installments, secured by notes and trust deed upon the property. The Superior Court decreed in favor of appellees, and the Appellate Court of the First District affirmed the decree. The case is brought before us by appeal from such decision of the Appellate Court.

Appellant declines to carry out the contract of purchase, on the ground, that the vendor can not give good title to the property. The objection, made to the title, is the alleged want of power in Morgan Dix, as sole surviving executor, to make sale of the land in question. Hence, the questions, which the record presents for our consideration, arise upon the construction of the will of John A. Dix. Its provisions are as follows:

"I, John A. Dix, of Seafield, West Hampton, Suffolk county, do make and declare this to be my last will. I give and bequeath to my dear wife, all my estate, both real and personal, for her life. At her death I direct that it be disposed of as follows:

"I give to my son, Morgan Dix, one-third of my said estate.

"I give to my daughter, Elizabeth Morgan, wife of Charles F. Blake, one-third of my said estate for her life, the income thereof to be applied, by herself and her husband, to her support, and to the education and support of her four children now living; and at her death I direct that it be divided in equal portions between the said children, if they shall then be twenty-one years of age, or if not of that age, then to receive their respective portions on becoming so.

"I give to my daughter, Catharine Morgan, wife of Thomas Walsh, one-third of my said estate for her life, the income thereof to be applied, by herself and her husband, to her support, and to the education and support of her two children now living; and at her death I direct that it be divided in equal portions between the said children, if they shall then be twenty-one years of age, or if not of that age, then to receive their respective portions on becoming so.

"I appoint Morgan Dix, John J. Cisco and William T. Lawrence, executors of this my last will. I authorize them to sell such portions of my real estate as they may think it advantageous to dispose of, and to execute all such legal instruments as may be necessary to give perfect titles to the purchasers. And I direct my said executors, in case they make any such sales, to invest the proceeds in first mortgages of the property so sold, in first mortgages of other improved real estate, in bonds of the United States, of the State of New York, or of any of the New England States, or in the first mortgage bonds of railroad companies the stock of which is selling at its par value in the city of New York.

"I direct that no bonds be required of my said executors for the faithful execution of their trust, as I have perfect confidence in their integrity."

The testator died, on April 21, 1879, in Suffolk county, New York, and his will was admitted to probate, in the surrogate's court of that county, on August 18, 1879. Letters testamentary were issued to Morgan Dix and John J. Cisco. William T. Lawrence renounced his appointment and refused to act, as executor. John J. Cisco died on March 24, 1884, and, since his death, Morgan Dix has been the sole acting executor. An authenticated copy of the will and of the probate thereof have been filed in the recorder's office of Cook county. Two of the four children of Elizabeth Morgan Blake, and the two children of Catherine Morgan Walsh, are minors. The widow of John A. Dix died on February 3, 1884. The

assets of the estate are still in the hands of Morgan Dix, as executor. No division of the real estate, owned by the testator at the time of his death, has ever been made, nor has any part thereof been sold or conveyed by any of his devisees.

The first question is, whether the present executor, acting alone, has the same powers, which were conferred by the will upon the three executors, therein named. We think, that whatever powers, of sale or otherwise, the three executors could now exercise, if they were all living and qualified, are vested in Morgan Dix, as sole surviving executor.

Section 97 of chapter 3 of the Revised Statutes of this State, being "An act in regard to the administration of estates," which was passed in 1872, provides as follows:

"In all cases, where power is given in any will to sell and dispose of any real estate, or interest therein, and the same is sold and disposed of in the manner and by the persons appointed in such will, the sales shall be good and valid; and where one or more executors shall fail or refuse to qualify, or depart this life before such sales are made, the survivor or survivors shall have the same power, and their sales shall be as good and valid, as if they all joined in such sales."

The provision, here quoted, is substantially the same, as section 93 of chapter 109 of the Revised Statutes of 1845, except that the latter did not contain the words, "shall fail or refuse to qualify." It was, however, held, in *Clinefelter* v. *Ayers*, 16 Ill. 329, that the statute of 21 Henry VIII, chap. 4, was in force in this State. That statute provided, that, if any or either of the persons, named as executors in the will, should refuse to act, the right and power should devolve upon those, who should qualify, to execute the will, in the same manner, as all could have done. It was accordingly decided, in the subsequent case of *Pahlman Ex'r. et al.* v. *Smith*, 23 Ill. 448, that, where two persons were, by will, empowered to sell real estate as executors, and not as trustees, and one of them refused to act, the other might, as sole executor, exercise the

31—118 ILL.

power, in the same manner, as both might have done, if both had qualified. It was still further held, in the later case of *Wardwell* v. *McDowell et al.* 31 Ill. 364, that, where power is given, in a will, to several executors to sell real estate, a sale by the executor, who accepted and qualified, was valid, whether the power, conferred by the will, was a mere naked power, or a power coupled with a trust, or whether the power was of a discretionary or mandatory character.

The next question is, whether the death of the widow has had the effect of annulling or discontinuing the power of sale, originally vested in the executors. It seems to be assumed by the appellant, that the sole purpose of the testator, in conferring the power of sale upon his executors, was to realize a fund for the support of his widow during her life. It is, therefore, urged, that, inasmuch as the widow has died, before any attempt has been made to exercise the power of sale, the object of creating such power can not be realized, and, accordingly, the power itself no longer continues. To support this position, reference is made to the case of *Smyth* v. *Taylor*, 21 Ill. 296, where we held, that, when the object, for which a power has been created, has been accomplished, or has become impossible, or unattainable, the power itself should cease to exist. We find no fault with the doctrine, thus laid down. As applied to the facts of the case, referred to, it is unquestionably sound. We do not think, however, that it can be properly held to have any application in the construction of the will, now under consideration, unless it be to sustain the power of sale, therein conferred.

This will directs, how the estate shall be disposed of at the death of the widow. The testator states, that, at the death of his wife, he gives to one of his daughters one-third of his estate for her life, the income thereof to be applied to her support and to the education and support of her four children. He, also, states, that, at the death of his wife, he gives to another daughter one-third of his estate for her life, the income thereof

to be applied to her support, and to the education and support of her two children. The support and education of his two daughters and six grandchildren are objects, which he very distinctly provides for, and he, as distinctly, provides for the accomplishment of those objects after the death of his wife. It follows, as a matter of course, that they were not made unattainable by her death.

The support and education of the testator's daughters and grandchildren can not be secured to them without an income. How is an income to be realized? It is admitted, that the estate consists largely of vacant, unimproved and unproductive lands in Illinois and elsewhere. These lands must be sold, and the money derived from their sale, must be invested, in such a way as to obtain an income. Accordingly, the will itself authorizes the executors to sell the real estate, and invest the proceeds in bonds and mortgages. The power of sale was conferred, as much for the purpose of providing support and education for the daughters and grandchildren, as for the purpose of supporting the widow during her life. The daughters are yet alive. Each is to have a third of the estate during her life, and there is to be no division between her children, until her death. Inasmuch, therefore, as the object of the testator in providing for the support and education of his daughters and grandchildren has not yet been accomplished, nor become impossible or unattainable, the power of sale, vested in the executors, so as to enable them to effect that object, has not failed, but still exists in Morgan Dix, the acting executor. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*