GEORGE V. LEVERETT & another, trustees, vs. ELIZABETH S. BARNWELL & others.

Suffolk.   December 2, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Trust*, Construction, Powers of trustee.  *Capital and Income.  Assignment.*

A fund was conveyed by deed to trustees for the maintenance and support of H and his wife and for the benefit of their issue.  The trustees were directed to pay the net income "quarter yearly as nearly as may be, but entirely at their discretion," and in such proportions as they might determine to H and his wife, or the survivor of them, or to their issue, or to any one or more of such persons at the discretion of the trustees, until the death of the survivor of H and his wife, and it was directed that such discretion should "be exercised in the fullest and most unlimited manner at the time of making each of such quarter yearly payments and not previously."  Upon the death of the surviving husband or wife, the trustees were to distribute the principal of the fund among the issue of the husband and wife.  H survived his wife and died leaving issue.  He died nearly a quarter of a year after the last payment of income to him, and left debts incurred for his reasonable sustenance after such last payment which were in excess of the accrued undistributed income in the hands of the trustees.   In a suit in equity by the trustees for instructions as to whether they had power to apportion the accrued income between the administrator of the estate of H and his issue, *it was held*, that the power given to the trustees as to the distribution of the income of the fund did not terminate until all disbursements necessary for the support of H and his wife and the survivor of them had been satisfied from such income in the manner provided, and consequently that it was within their discretionary power to pay to the administrator of the estate of H, for the reimbursement of that estate, any part or the whole of the income which had accrued after the last payment by the trustees and before the death of H, including the portion of such accrued income which was not collected by the trustees until after H's death.

A mere possibility of income from an expected exercise of a discretionary power by trustees is not assignable.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 11 and amended on April 17, 1912, by the trustees under an indenture of trust made between Quincy A. Shaw of Boston and James B. Thayer and Lemuel Shaw, trustees, on April 21, 1875, praying for instructions in regard to their duties.

The provisions of the second article of such indenture of trust, under which the questions arose, are quoted in the opinion,

where the other material facts also are stated.   Frances C. Hulbert died on December 23, 1887.   Edwin J. Hulbert died on September 24, 1910.   Their issue living at his death were Elizabeth S. Barnwell, a daughter, two children of Elizabeth S. Barnwell, and Allen S. Hulbert, a son of a deceased son.   Edwin J. Hulbert also left an adopted daughter, Carlotta M. H. Caruso. Boaz Duncan claimed under an instrument dated December 10, 1901, as the assignee of the rights of Elizabeth S. Barnwell under the trust.   The last quarterly payment made by the plaintiffs to Edwin J. Hulbert was on July 1, 1910, and included all the net income received during the preceding quarter.

The case was heard by *Hammond,* J., upon the bill and answers. He ruled that the discretionary power of the plaintiffs as trustees continued after the death of Edwin J. Hulbert both as to the income in the hands of the trustees at the time of his death and as to that accrued at the time of his death and since collected by the trustees; that the estate of Edwin J. Hulbert was not one of the members of the class to whom the plaintiffs had discretion to pay the income or any portion thereof; and that whatever the trustees apportioned to Elizabeth S. Barnwell should go to her and not to Boaz Duncan.   At the request of the defendant George Hoague, special administrator, and of the defendant Carlotta M. H. Caruso, so far as she had any standing to make such request, the justice reported the case and all questions of law therein for determination by the full court, such decree to be entered as law and justice might require.

*W. D. Turner,* for Elizabeth S. Barnwell.

*J. L. Thorndike,* for George Hoague and Carlotta M. H. Caruso.

*S. S. FitzGerald,* for Reginald H. Barnwell and Edwin O. Barnwell.

*R. D. Ware,* for Allen S. Hulbert and Boaz Duncan.

BRALEY, J.   The plaintiffs are trustees under an indenture, which, after reciting that the settlor from motives of good will was desirous of settling a certain fund for the maintenance and support of Edwin J. Hulbert and Frances C. Hulbert his wife and for the benefit of their issue, and after defining the powers of the trustees as to investments and reinvestments, provided, that the fund should be held "In trust to pay over the net rents, profits, dividends, and income of said trust property quarter yearly as

nearly as may be, but entirely at their discretion, and in such proportions as they may at the time of each payment, fix and determine to the said Edwin J. Hulbert and Frances C. Hulbert his wife, or the survivor of them, and to their issue, or to any one or more of such persons, or at the discretion of said trustees, to apply the same or any part thereof for any one or more quarters, to the support of any one or more of such persons, or to the education of any one or more of such persons who may at the time of such application be under the age of twenty-one years, until the death of the survivor of said Edwin J. and Frances C. it being expressly provided that the discretion of said trustees shall be absolutely free and unfettered as to which and how many of such persons shall receive each of said quarterly payments and in what proportions, and as to whether and in what proportions or amounts the said rents, profits, dividends and income or any part thereof shall for any one or more quarters be applied to the support or education of any one or more of said persons, and as to withholding from any one or more all share in, or benefit from any one or more of said quarterly payments; And such discretion shall be exercised in the fullest and most unlimited manner at the time of making each of such quarter yearly payments and not previously." A spendthrift trust where there are no vested interests is here created, and the trustees from the beginning paid to the husband, who survived his wife but is now dead, the entire net income quarterly, although no regular quarter days ever were established. The trustees held at his death the income accruing since the last payment, which was made nearly a quarter of a year before his death. It having been further provided, that upon the death of the surviving spouse the trustees are to convey, divide, distribute and pay over the principal to and among their issue, who are to take by right of representation, the trustees if they have the power, intend to apportion the accrued income between the administrator of the estate of the husband and those who are entitled to take as his heirs at law.

The question for decision therefore is, whether the accrued income fell into the principal upon the death of Edwin J. Hulbert. It is true that no specific provision for apportionment is found, if his death occurred between the quarterly payments. But this is not decisive. *McElwain* v. *Hildreth*, 203 Mass.

376, 379. The trust is not intended solely for the benefit of the remaindermen. It is primarily for the support and maintenance of the husband and wife to whom the whole income could be paid. To secure this, the broadest powers of administration are conferred, with which the court will not interfere except upon clear proof that the trustees are abusing their authority and acting in perversion of the trust. *Proctor* v. *Heyer*, 122 Mass. 525. *Sells* v. *Delgado*, 186 Mass. 25. If the purpose and intention of the settlor, as shown by the provisions for his benefit, were not fully accomplished at the death of Edwin J. Hulbert, the power to effectuate that purpose is not a mere naked power which coincidently perished, but, being a power coupled with a trust, it survived. *Chandler* v. *Rider*, 102 Mass. 268. *May* v. *Brewster*, 187 Mass. 524. *Ely* v. *Dix*, 118 Ill. 477. *Johns Hopkins University* v. *Middleton*, 76 Md. 186, 205, 206. *Cotton* v. *Burkelman*, 142 N. Y. 160, 163. *Wood* v. *White*, 4 Myl. & Cr. 460. *In re Cotton's trustees*, 19 Ch. D. 624. It is conceded, that in expectation of the continuance of the income, and in reliance upon it, he incurred for his reasonable sustenance, during the period elapsing between the date of the last payment and the date of death, debts which remained unpaid and are in excess of the accrued income. The right of the trustees to make advancements in anticipation of income is denied, yet after income had been received, they are unfettered as to its disbursement if within the confines of the trust. If they had contracted with tradesmen during this period to furnish supplies necessary for his comfortable maintenance, unquestionably they could have recouped the indebtedness from the income in their hands at his death. *King* v. *Stowell*, 211 Mass. 246, 250. *In re Sanderson's trust*, 3 K. & J. 497, 508. It would not subserve, but would defeat the plan of settlement, if the just expenses of past maintenance could not be paid, simply because death had intervened before funds could be transferred. The power conferred to carry out to the end this provision did not terminate until all disbursements necessary for the support of husband and wife during their joint lives had been satisfied from income in such manner as the trustees in their judgment deemed proper and expedient. It is consequently within their discretionary powers, which have not lapsed, to reimburse his estate, even to the extent of exhaust-

ing all of the income which had accrued, although not fully col-
lected at the time of his decease.

If they choose to apportion any part to the heirs at law the
share coming to Elizabeth S. Barnwell is to be paid to her and
not to Boaz Duncan, her assignee. *Low* v. *Pew*, 108 Mass. 347,
350.                                        *Decree accordingly.*