GEORGE H. BROWN, trustee in bankruptcy, *vs.* ORLANDO
M. LUMBERT, trustee.

Barnstable.    October 8, 1914. — May 29, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE,
& CARROLL, JJ.

*Trust,* Discretionary power of trustee.    *Bankruptcy.    Equity Jurisdiction,* Of
bill by trustee in bankruptcy.

A trustee in bankruptcy cannot by a suit in equity obtain the conveyance to him
of real estate included in a devise to a trustee for the benefit of the plaintiff's
bankrupt, where by the terms of the devise the whole control of the principal
and income of the property is bestowed upon the defendant trustee with dis-
cretionary power to give or withhold any part of it and with a direction that
nothing left by the testator to the bankrupt "shall be taken for his debts" but
that the trustee shall "convey and give fully to [the bankrupt] whenever it ap-
pears that what he may convey or give shall not be taken for debts of [the
bankrupt]," and where it does not appear that the discretionary power of the
trustee ever has been exercised by giving anything to the bankrupt, and it
does not appear that there ever has been a time since the creation of the trust
when payments to the bankrupt would not have been taken for his debts or
that he ever has been out of debt since the trust was created.

If in such a case the bankrupt is one of the heirs at law of the testator and,
by reason of the absence of a devise over upon his death, the bankrupt as
such heir at law has an interest in remainder in the real estate held in trust
during his life, this is a vested interest which passed to him on the death of
the testator and to the trustee in bankruptcy upon the adjudication in bank-
ruptcy, so that the trustee in bankruptcy has no occasion to seek the aid of
a court of equity.

RUGG, C. J.    This is a suit in equity whereby the trustee in
bankruptcy of Frank L. Lumbert seeks to obtain a conveyance of
real estate devised for the benefit of the bankrupt by the will
of his father, James M. Lumbert.*

The only portion of the will disclosed on the record is the clause
set forth in the footnote.†    The clause is badly drawn.    That fact

* The bill was filed in the Supreme Judicial Court on February 2, 1914.
The defendant demurred to the bill, and the case was heard by *De Courcy,* J.,
who made an interlocutory decree sustaining the demurrer.    Later by order
of *Hammond,* J., a final decree was entered dismissing the bill.    The plaintiff
appealed from both decrees.

† "All the rest and residue of my estate real and personal I devise and be-
queath one half to my said son Orlando forever, and one half to him in trust
for said Frank L. the same to be conveyed to said Frank L. or to others as

must be considered in construing it.  As the whole will is not set out, no help can be gained from the rest of the will in construing this clause.  By the true construction of this clause, nothing is to be conveyed or paid to the bankrupt or to others by his direction unless his brother, Orlando, the trustee named by the will, in his descretion deems the payment or conveyance to be for the benefit of Frank.  After stating this in the first part of the clause, the testator gives as the reason for making all payments and conveyances dependent upon the discretion of Orlando, that it is his intention "that nothing left by me to said Frank L. shall be taken for his debts."  The further expression of desire that Orlando make no conveyance or payment to Frank of property which might be taken for his debts is followed by the requirement to transfer to Frank whenever it appears that such payment will not be taken by his creditors.  The clause construed as a whole means that the payments by Orlando to Frank rest entirely upon the discretion of Orlando and no absolute right is given to Frank to demand anything.  The intention of the testator as disclosed by this clause is that the discretion of the trustee shall always stand between the property and Frank's creditors with respect both to principal and income.  The broadest discretionary power is conferred to this end.  Such a trust is valid and does not confer an absolute estate to the beneficiary.  *Shattuck* v. *Stickney,* 211 Mass. 327.  *Foster* v. *Foster,* 133 Mass. 179.

There is no allegation that the discretion vested in Orlando has been exercised in favor of Frank.  Hence it does not appear that under the terms of the will anything has become, is now, or ever will be due to the bankrupt.  There is no allegation in the bill that it ever has come to pass that payments to Frank would not be taken for his debts or that he has ever been out of debt.  There is nothing to indicate that the discretion of the trustee has been abused or the trust perverted.  *Leverett* v. *Barnwell,* 214

---

said Frank L. shall direct, provided said Orlando in his discretion deems it for the benefit of said Frank L.  My intention herein being that nothing left by me to said Frank L. shall be taken for his debts, and I hereby desire said Orlando to refuse at all times to convey or pay to said Frank L. any property or give him any property herein bequeathed that may be taken for his debts, and I also require and command said Orlando to convey and give fully to said Frank L. whenever it appears that what he may convey or give shall not be taken for debts of said Frank L."

Mass. 105, 108. Neither is there any allegation in the bill that Frank has attempted to exercise the power of directing the payment or the conveyance of the whole or any part of the fund to others than himself and that Orlando in the exercise of the discretion vested in him for the benefit of Frank has complied with such request. Hence it is unnecessary to consider questions which might arise on such a bill. See *Mason* v. *Rhode Island Hospital Trust Co.* 78 Conn. 81; *Wales* v. *Bowdish,* 61 Vt. 23; *Jourolmon* v. *Massengill,* 86 Tenn. 81; *Clapp* v. *Ingraham,* 126 Mass. 200.

Since no right is conferred upon the bankrupt to any part of the principal or income of the trust fund until the discretion to transfer is exercised by Orlando, and since there is no allegation that such discretion has been so exercised, the plaintiff fails to show that he is entitled to relief. If the testator made no devise over of the beneficial interest in the real estate which was devised to Orlando in trust, and for that reason some interest came to the bankrupt as an heir of his father, the plaintiff does not need the aid of a court of equity. The right of the bankrupt as to such property vested in him on the death of the testator and passed to his trustee on the adjudication.

The question whether the clause creates a spendthrift trust free from the control of creditors as to principal as well as income, and whether such a trust as to principal, if created, would be valid, somewhat discussed at the bar, does not arise in view of the construction of the only clause of the will now presented.* As the entire will is not set out and as the bill proceeds wholly upon the clause quoted, the decree dismissing the bill was right upon its allegations and is

*Affirmed.*

The case was argued at the bar in October, 1914, before *Rugg,* C. J., *Loring, Sheldon, De Courcy, & Crosby,* JJ., and afterwards was submitted on briefs to all the justices constituting the court.

*R. B. Walsh,* for the plaintiff.

*D. T. Devoll,* for the defendant.

---

* See *Maryland Grange Agency* v. *Lee,* 72 Md. 161; *Wagner* v. *Wagner,* 244 Ill. 101; *Siegwarth's estate,* 226 Penn. St. 591; *Kessner* v. *Phillips,* 189 Mo. 515, 524. Also *Shelton* v. *King,* 229 U. S. 90; *Broadway National Bank* v. *Adams,* 133 Mass. 170; *Young* v. *Snow,* 167 Mass. 287; *Dunn* v. *Dobson,* 198 Mass. 142; *Lathrop* v. *Merrill,* 207 Mass. 6.