GEORGE L. WRIGHT *vs.* GEORGE R. BLINN, trustee, & others.

Plymouth.　November 8, 1916. — November 13, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Master's report. *Trust,* Discretionary power of trustee.

In a proceeding in the Probate Court an exception to a master's report, where the evidence is not reported, on the general ground that the master's finding of fact is erroneous, presents no question of law or fact.

Where a trustee under a will for the benefit of a beneficiary for life is authorized by the terms of the trust, not only to pay the net income of the trust fund to such beneficiary for life, but also, "if in the opinion of the trustee hereunder the said income . . . shall be insufficient for the comfortable maintenance and support of the said [beneficiary, the trustee is authorized and empowered] to pay to or for the benefit of the said [beneficiary] such portions of the principal of said trust estate as in the opinion of my trustee may be necessary for her comfortable maintenance and support, it being expressly understood that said payments of principal are not obligatory upon my trustee but are left solely to his sound discretion and judgment," the discretionary power of the trustee, so long as he acts in good faith and not arbitrarily or capriciously, is not subject to revision by any court.

PETITION, filed on December 8, 1913, in the Probate Court for the county of Plymouth, by a creditor of Ellen Maria Kimball, late of Abington, a beneficiary for life under the will of John Kimball, praying for payment of the petitioner's account out of the trust fund created by the will for the benefit of Ellen Maria Kimball.

The provision creating the trust was as follows: "the remaining three-fourths of all the rest, residue and remainder of my estate whether real, personal or mixed I give devise and bequeath unto the said George R. Blinn to have and to hold the same together with the legacy under the second item hereto to the said George R. Blinn his heirs and assigns but in trust nevertheless for the purpose following, namely; to keep the same safely invested and to pay over the net income and interest arising therefrom unto my sister, Ellen Maria Kimball for and during the term of her natural life and if in the opinion of the trustee hereunder the said income and interest shall be insufficient for

the comfortable maintenance and support of the said Ellen Maria I hereby authorize and empower my trustee to pay to or for the benefit of the said Ellen Maria such portions of the principal of said trust estate as in the opinion of my trustee may be necessary for her comfortable maintenance and support, it being expressly understood that said payments of principal are not obligatory upon my trustee but are left solely to his sound discretion and judgment and upon the death of the said Ellen Maria I direct my trustee to transfer, turn over, and convey all of the trust estate remaining in his hands unto my two cousins Sarah Simonds and her sister Jerusha Webber to have and to hold to them and their heirs and assigns forever and terminate this trust."

On appeal from a decree of the Probate Court the case came on to be heard before *Braley,* J., who reported it for determination by the full court.

The case was submitted on briefs.

*C. G. Willard,* for the petitioner.

*G. R. Blinn & A. L. Taylor,* for the respondents.

BY THE COURT. The will of John Kimball contained the provision for the benefit of his sister Ellen which is printed above.

The petitioner alleges that he furnished board, lodging, medicine and nursing for the sister of the testator for several years, the fair price for which he seeks to recover from the trustee. The case was referred to a master who reported in substance that the trustee never made any contract with the petitioner but steadfastly refused to do so; that the trustee paid directly to the beneficiary a sum in excess of the income of the trust fund, and, after narrating at some length the conduct of the trustee, that the trustee acted in good faith and not in an arbitrary or capricious manner.

The first exception to the master's report is that it was obligatory upon the master to find that the trustee acted capriciously and arbitrarily in not paying for the support of the beneficiary from the death of the testator until the appointment of the trustee. Manifestly this is only one element bearing on the question and is not decisive. It is quite overborne by other circumstances stated in the report.

The second exception is the general one that the master's finding

of fact is erroneous. The familiar rule is that where, as here, the evidence is not reported, no question of law or fact is presented by such an exception. So long as the trustee acted in good faith and not arbitrarily or capriciously, his discretion as to payment from the principal of the fund cannot be reviewed. *Brown* v. *Lumbert*, 221 Mass. 419. *Corkery* v. *Dorsey*, 223 Mass. 97. The decree of the Probate Court may be reversed * and a new decree may be entered overruling the exceptions to and confirming the master's report and dismissing the petition.

*So ordered.*

---

* The decree of the Probate Court declared that the acts of the trustee in exercising the discretion reposed in him by the will of John Kimball were not reviewable, and ordered that the petition be dismissed, but it also declared "That the petitioner has no valid claim against the respondents or the said estate of John Kimball," which was a matter not material to the exceptions passed upon by this court and not necessary to the decision of the case.