TOWN OF RANDOLPH *vs.* FRANCES W. ROBERTS & others.

Norfolk.    October 8, 1963. — January 3, 1964.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Trust,* Use of principal, Trust for support. *Public Welfare.*

A town could not maintain a suit in equity brought against the trustees of a testamentary trust and the income beneficiary, but not the remainderman, to reach and apply the principal of the trust in reimbursement of the plaintiff for disability assistance furnished to the income beneficiary where the will creating the trust authorized the trustees to use principal for the support of the income beneficiary if necessary by reason of insufficiency of the income for that purpose but gave the trustees "sole power" to determine such necessity and the times of use of principal and the amounts used.  [579–580]

A testamentary trust for the support of the beneficiary was intended for future support, and trust property could not be used to pay for support furnished to the beneficiary previous to the testator's death.  [580]

BILL IN EQUITY filed in the Superior Court on December 19, 1960.

The suit was heard by *Forte,* J.

The case was submitted on briefs.

*William J. Carr* for the plaintiff.

*James J. Kelleher* for the defendant Roberts.

*George F. McMahon* for the defendant trustees.

WILKINS, C.J.   The defendant Roberts since 1952 has been receiving disability assistance from the welfare department of the plaintiff town the total amount of which was $18,109.51 on the date of the filing of this bill of complaint.   The other defendants are the two trustees under the will of Margaret L. Hartson which was proved in the

Probate Court for Suffolk County on January 2, 1958. The object of this bill is to reach and apply the principal of the trust to expenditures made by the plaintiff since 1952. From a final decree dismissing the bill the plaintiff appealed.

The facts are as found by the judge. The original trustees were appointed on February 1, 1959. The second account of the present trustees for the period from June 3, 1960, through January 3, 1962, shows a balance in schedule C of $5,354.36. The remainder of the trust principal is a dwelling in Boston with a fair cash value of not more than $4,000. Since February 16, 1960, the trustees have paid the defendant Roberts $30 monthly for her support, room, and board, thereby diminishing the obligation of the town from $206 to $176 a month. See G. L. c. 118D, § 4, inserted by St. 1951, c. 741, § 2, and amended by St. 1960, c. 659, § 1.

The will of Margaret L. Hartson contains the provision: "In the event that the income from said trust fund shall not be sufficient to properly support my said niece, Mrs. Frances Roberts, Braintree, Massachusetts, I authorize my said trustees to from time to time use such part of the sum of said trust estate as may be necessary for such purpose, and I give my said trustees the sole power of determining whether or not it is necessary to use a part of the principal sum for such purpose, and [if] it is so determined, what part shall be used and when." The record does not disclose what is to happen to the principal upon the death of the defendant Roberts. A remainderman would be entitled to be heard upon the question whether the trustees should be compelled to exercise their discretion. *Corkery* v. *Dorsey,* 223 Mass. 97, 103.

The trust confided exclusively to the discretion of the trustees the decision whether any principal should be used for the support of the defendant Roberts. She has no absolute right to the use of any part of the principal, and could herself compel principal payments only by showing that the trustees had abused their discretion by acting arbitrarily, capriciously, or in bad faith. *Garvey* v. *Garvey,* 150

Mass. 185, 187. *Brown* v. *Lumbert,* 221 Mass. 419, 420–421. *Corkery* v. *Dorsey,* 223 Mass. 97, 101. *Wright* v. *Blinn,* 225 Mass. 146, 148. Her creditors would have no greater rights.

The trust could not take effect before the testatrix's death, the date of which does not appear. The plaintiff, however, is seeking to collect payments made by it from 1952 on. Such payments made before the date of the testatrix's death plainly are not to be recovered. See *Reilly* v. *State,* 119 Conn. 508, 513; *Walters' Case,* 278 Pa. 421, 425. The trust is intended for the future support of the beneficiary. Had payments for earlier support been intended, to that extent no trust would have been necessary.

The testatrix might have had a purpose to supplement public assistance of her niece or to provide for support should such assistance be discontinued. See *Bridgeport* v. *Reilly,* 133 Conn. 31, 38–39. The size of the trust tends to confirm this view, for the income would hardly be expected to provide her sole support for very long.

It rightly has not been argued that public policy forbids the beneficiary of a private trust to receive support at public expense. See *Will of Wright,* 12 Wis. 2d 375, 379; *In re Emmons' Will,* 59 N. Y. S. 2d 264, 269 (Surrogate's Ct.). Nor has it been contended that governmental claims are entitled to special treatment. See *Shrewsbury* v. *Bucklin,* 105 Vt. 188; Griswold, Spendthrift Trusts (2d ed.) § 343; Scott, Trusts (2d ed.) § 157.2. In this Commonwealth such a view has not prevailed against the intent of the creator of the trust. See *Madden* v. *Madden,* 279 Mass. 417, 422–423. See also *Hanford* v. *Clancy,* 87 N. H. 458.

There has been no argument, and there is nothing to show, that $30 monthly is not the entire income.

*Decree affirmed.*